# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

## February 1, 1918.

# THE PEOPLE ex rel. PHILIP GOLDFARB v. JOHN J. GARGAN.

### (181 App. Div. 410.)

HABEAS CORPUS—EXTRADITION—INDICTMENT IN FOREIGN STATE FOR CRIME OF FALSE PRETENSES—IMMATERIAL THAT DEFENDANT DID NOT REMAIN UNTIL CONSUMMATION OF CRIME—INDICTMENT AND MERITS OF DEFENSE NOT CONSIDERED.

A person is properly committed for extradition to another State and his writ of habeas corpus should be dismissed where it appears that he was present in the foreign State at the time he made alleged false representations for which he was indicted, even though he did not remain in the foreign jurisdiction until the consummation of the crime.

The court on such writ of habeas corpus will not go into the sufficiency of the indictment or the merits of the defense which are matters for the foreign court.

APPEAL by the relator, Philip Goldfarb (who had been committed for extradition to Pennsylvania), from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 19th day of November, 1917, dismissing a writ of habeas corpus and directing that the relator be delivered into the custody of the agent designated in the rendition warrant issued by the Governor of the State of New York.

*Sydney Rosenthal,* for the appellant.

*Harry G. Anderson, Assistant District Attorney (Harry E. Lewis, District Attorney,* with him on the brief), for the respondent.

PUTNAM, J.:

On the hearing of the writ of habeas corpus it appeared that relator had been indicted in Pennsylvania for the crime of false pretenses, charged as committed on August 16, August 21 and August 25, 1917. Relator denied being a fugitive from the justice of the State of Pennsylvania, and set up by affidavit that he was not in that State " on any of the dates mentioned or thereabouts."

Relator's evidence tended to show his presence in the State of New York on and after August 19th. There was, however, testimony that he was in Philadelphia on August 16th at the occasion of his handing two checks to a certain witness there. Relator's presence in the demanding State when the false statement was made, or at the inception of the crime, entitles that State to extradite him for trial, even if he did not remain there until the consummation of the crime. (Strassheim v. Daily, 221 U. S. 280; Matter of Cook, 49 Fed. Rep. 833; Ex parte Hoffstot, 180 id. 240; *sub nom.* Hoffstot v. Flood, 218 U. S. 665.)

The court rightly refused to go into the sufficiency of the indictment or the merits of the defense, which are matters for the courts of Pennsylvania. (People ex rel. Himmelstein v. Baker, 137 App. Div. 824, 825; Drew v. Thaw, 235 U. S. 432, 439.)

The order dismissing the writ should, therefore, be affirmed.

JENKS, P. J., THOMAS, BLACKMAR and KELLY, JJ., concurred.

Order dismissing writ affirmed.