H. J. FINCH, APPELLANT, V. E. J. WEST ET AL., APPELLEES.

FILED APRIL 11, 1921.   No. 21530.

1. Habeas Corpus: GUILT AND PROBABLE CAUSE: JURISDICTION. In
an action to procure a writ of habeas corpus, the guilt or inno-
cence, or probable cause to believe one guilty who is held under
extradition as a fugitive from justice from another state, is a
matter exclusively for the courts of the demanding state.

2. ———: EXTRADITION: QUESTIONS TO BE DETERMINED. The ques-
tions to be determined in such habeas corpus case are: Whether
the person demanded is substantially charged with a crime
against the laws of the foreign state; and whether he is a fugi-
tive from justice from that state.

3. Extradition: "FUGITIVE FROM JUSTICE." It is not necessary, in
order that one be a fugitive from justice, that he shall have left
the demanding state for the purpose of avoiding prosecution, but
simply that, having committed an act charged to be a crime under
the laws of that state, he has left that jurisdiction and is found
in another state.

4. ———: ———. In order that one be a fugitive from justice from
a foreign state, it is not necessary that he shall have done every
act within the state which is necessary to complete the crime
which has been committed, but it is sufficient if he has committed
in that state some overt act which is and is intended to be a
material step toward accomplishing the crime, and has done the
rest elsewhere.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE. Affirmed.

Hotz & Lee and Kennedy, Holland, De Lacy & McLaugh-
lin, for appellant.

A. V. Shotwell, Arthur Rosenblum and Stout, Rose,
Wells & Martin, contra.

FLANSBURG, J.

Habeas corpus action in which it is sought to release
appellant, who is held for extradition to the state of Iowa
under a warrant issued by the governor of this state.
From an order denying the writ, this appeal is taken.

Appellant's contention is that the evidence in this proceeding before the trial court conclusively shows that he was not a fugitive from justice from the state of Iowa, and that there is not probable cause to believe that appellant committed the crime charged.  He was indicted by the grand jury in Iowa on the charge of having feloniously obtained property from one Bell under false pretenses.  It appears from appellant's testimony in this proceeding that on the date that the crime is charged to have been committed he was at Osceola, Iowa, and that he there engaged in the transaction which is made the basis of the charge.  It is charged that he, with intent to cheat and defraud, falsely represented that he was a member of the commission firm of Jackson-Signall Company of Omaha, and was authorized to draw drafts upon that firm, and that, by such representations and the delivery of such drafts drawn by him, he obtained from Bell the delivery of 400 head of sheep.  His testimony shows the giving of the drafts, and that Bell delivered the sheep to him and helped to load them for shipment to Omaha. His testimony does not show that he was a member of the commission firm, nor just what authority he had, if any, to draw drafts.  The drafts were not paid.  Mr. Jackson, of the firm of .Jackson-Signall Company, testified that appellant had drawn drafts on the firm before that time, but he does not attempt to explain just what appellant's authority was.

Appellant contends that it is proper for this court to pass upon the question of whether a crime has been committed, in order to determine whether or not he is a fugitive from justice from the state of Iowa, since it appears that all the material evidence that could be introduced in the criminal prosecution is before the court, and since from that evidence it is conclusively shown that the defendant could not have committed the crime.

Such, however, is not the condition of the testimony here.  Whether the false representations were made; whether Bell had warranted the sheep and whether the

warranty was broken; whether there was legal excuse for the dishonor of the drafts; and whether appellant acted with felonious intent to cheat and defraud, and did cheat and defraud, are all questions which cannot be conclusively determined from the fragmentary testimony introduced in appellant's behalf. It does not conclusively appear that other testimony cannot be procured to show that an overt act, in connection with the crime charged, has been committed by the appellant in the demanding state. The indictment by the Iowa grand jury, on the other hand, raises the presumption that such testimony is available. The question, therefore, passed upon in the cases of *Ex parte La Vere,* 39 Nev. 214, and *In re Kuhns,* 36 Nev. 487, is not before this court.

The question of the guilt or innocence of the accused, or the question of whether or not there is probable cause to believe that the accused is guilty of the crime charged, cannot, in a case of this kind, be passed upon by the courts in a habeas corpus proceeding. Those questions, in this instance, are for the courts of the state of Iowa to decide. *In re Van Sciever,* 42 Neb. 772; *Drew v. Thaw,* 235 U. S. 432; *Ex parte Montgomery,* 244 Fed. 967; *People v. Gargan,* 168 N. Y. Supp. 1027; *Edmunds v. Griffin,* 177 Ia. 389; note, 21 L. R. A. n. s. 939; 19 Cyc. 100; 21 Cyc. 328.

The defendant claims that if any crime has been committed it was consummated in the state of Nebraska and not in Iowa, since the sheep were shipped to Omaha, and since it is there that the drafts were dishonored and the sheep disposed of. It is only necessary to prove that some overt act, in furtherance of the crime charged, was committed in the foreign state, and when that is shown the locus of the crime will not be determined in the habeas corpus case. *Strassheim v. Daily,* 221 U. S. 280; *People v. Gargan, supra; Zulch v. Roach,* 23 Wyo. 335. In the *Strassheim* case the court said (p. 285):

"We think it plain that the criminal need not do within the state every act necessary to complete the crime. If he does there an overt act which is and is intended to be

a material step toward accomplishing the crime, and then absents himself from the state and does the rest elsewhere, he becomes a fugitive from justice, when the crime is complete, if not before."

Defendant further contends that he was not a fugitive from justice from the state of Iowa, since he left that state with the shipment of sheep and by and with the arrangement and consent of Bell, and not to avoid prosecution, nor to get beyond the jurisdiction of the Iowa courts. Upon that question the supreme court of the United States has recently said (*Hogan v. O'Neill,* 255 U. S. 52):

"To be regarded as a fugitive from justice it is not necessary that one shall have left the state in which the crime is alleged to have been committed for the very purpose of avoiding prosecution, but simply that, having committed there an act which, by the law of the state constitutes a crime, he afterwards has departed from its jurisdiction and when sought to be prosecuted is found within the territory of another state."

For the reasons given, it is our opinion that the judgment of the lower court should be affirmed.

AFFIRMED.

ROSE, J., not sitting.