HENRY C. GETZENDANNER *v.* ROY M. HILTNER

(No. 8378)

Submitted April 22, 1936. Decided May 5, 1936.

D. *Grove Moler,* for plaintiff in error.
*Sherman P. Bowers,* for defendant in error.

LITZ, JUDGE:

This is a habeas corpus proceeding, in which relator, Henry C. Getzendanner (a citizen and resident of Jefferson County, West Virginia) seeks release from allegedly illegal restraint under a fugitive warrant issued by the Governor of West Virginia in response to a requisition of the Governor of Maryland based upon an indictment in the circuit court of Frederick County, Maryland, charging relator with false pretense.

The crime, which is charged to have been committed June 18, 1935, consisted in an allegedly unauthorized sale and delivery by relator to Frederick County Products, Inc., a Maryland corporation, of thirty-four cattle belonging to third parties for which the company issued to him its check for $2,877.25, drawn on a local bank, in payment of the purchase price thereof; the owners having recovered the cattle from the corporation after the check had been paid and charged to its account. On or about the first of June, 1935, relator, while in Frederick County, Maryland, representing himself to be the owner thereof, proposed to sell the corporation the cattle which were then on his farm in Jefferson County. A date was fixed for an agent of the corporation to meet relator in

Jefferson County for the purpose of purchasing the cattle. A few days later, after returning to his home in Jefferson County, relator wrote the company, requesting that it send a representative, as agreed, to purchase the cattle. On the 10th of June, relator sold the cattle in Jefferson County to the president of the corporation, and agreed to deliver them in Frederick County, Maryland, where they would be weighed and the purchase price paid. On June 12th, the relator, through an agent, delivered the cattle, according to appointment, in Frederick County, Maryland, and after they had been weighed, the corporation issued its check to relator, payable on a bank in Frederick County, Maryland, for the purchase price thereof. On June 18th, the check was paid by the bank and charged to the account of the corporation. Relator was not in Maryland on that date.

Counsel for relator contends that as the relator was not in Maryland at the time the crime is alleged to have been committed, he is not a fugitive from justice from that state within the meaning of section 2, Article IV of the Federal Constitution; and in support of this contention, relies upon *State* v. *Caverly,* 51 N. H. 446; *Ex parte Shoemaker,* 25 Cal. App. 551, 144 Pac. 985, and other authorities. In none of the cases cited, however, does it appear that the crime charged therein had been committed at any time other than that stated in the indictment, nor that the alleged fugitive had committed any overt act in the demanding state in furtherance of the crime afterwards consummated. The evidence here clearly shows that if the relator is guilty of false pretense as charged in the indictment, he, while in Maryland, on or about June 1, 1935, set in motion the fraudulent scheme which culminated in obtaining the money from the products company in Maryland at the time alleged in the indictment. A fugitive from justice, in contemplation of the Federal Constitution, need not have been in the demanding state at the time of the completion of the crime, if, while in the state, he has committed some overt act in furtherance of the offense, subsequently consummated. "To be a fugitive from justice, it is

necessary that the person charged as such must have been actually present in the demanding state at the time of the commission of the crime, or, having been there, has then committed some overt act in furtherance of the crime subsequently consummated, and has departed to another jurisdiction." *Blake* v. *Doeppe,* 97 W. Va. 203, 125 S. E. 667. Accord: *Day* v. *Keim,* (C. C. A.) 2 F. (2d) 966; *Strassheim* v. *Daily,* 221 U. S. 280, 31 S. Ct. 558, 55 L. Ed. 735; *In re Cooke,* 49 Fed. 833; *In re Sultan,* 115 N. C. 57, 20 S. E. 729, 44 Am. St. Rep. 433, 28 L. R. A. 294; *State* v. *Hall,* 115 N. C. 811, 20 S. E. 729, 28 L. R. A. 289, 44 Am. St. Rep. 501; *Ex parte Graham,* 216 Fed. 813; *Ex parte Forbes,* 17 Ala. App. 405, 85 So. 590; *State ex rel. Rinne* v. *Gerber,* 111 Minn. 132, 126 N. W. 482; *People ex rel. Goldfarb* v. *Gargan,* 181 App. Div. 410, 168 N. Y. S. 1027; 28 L. R. A. 289; *Ex parte Williams,* 10 Okla. Cr. 344, 136 P. 597, 51 L. R. A. (N. S.) 668, 670; 42 A. L. R. 272.

The judgment of the circuit court is, therefore, affirmed.

*Affirmed.*