IN RE APPLICATION OF EVERETT GORGEN FOR A WRIT OF HABEAS CORPUS.
EVERETT GORGEN, APPELLEE, v. LEO S. TOMJACK, APPELLANT.

70 N. W. 2d 514

Filed May 20, 1955. No. 33743.

*William W. Griffin,* for appellant.

*Max G. Towle, John R. Gallagher,* and *Thomas J. McManus,* for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ., and KOKJER, District Judge.

CARTER, J.

This is a habeas corpus action instituted in the district court for Holt County by Everett Gorgen, petitioner, against Leo S. Tomjack, sheriff of Holt County, Nebraska, respondent. The action is in resistance of an effort to remove petitioner from the State of Nebraska to the State of Kansas by extradition to answer a charge of being in possession of stolen property pending against him in the justice court in and for the city of Great Bend, Barton County, Kansas. The trial court found that petitioner was unlawfully deprived of his liberty and discharged him from the custody of the sheriff. The respondent sheriff appeals.

The record discloses that a complaint was filed against the petitioner in the justice court in and for the city of Great Bend, Kansas, on September 8, 1954, in which it is charged that on or about May 1, 1954, in the county of Barton, State of Kansas, Everett Gorgen, then and there being, did then and there unlawfully, feloniously, and willfully, receive a 1953 G.M.C. tank truck of the value of more than $20, which had been taken, or secreted, from the Whiteman Motor Company used car lot in Hoisington, Kansas, he knowing the same to be so embezzled, taken, secreted, or stolen, in violation of section 21-549 of the General Statutes of Kansas for 1949.

The record shows that subsequent to the filing of the charge the Governor of Kansas made an executive requisition upon the Governor of Nebraska for the extradition of the petitioner from the State of Nebraska to the State of Kansas to answer said charge and that the requisition was honored and the Governor of Nebraska signed a warrant for the extradition of the petitioner under which he was arrested and detained by the respondent sheriff of Holt County, Nebraska, at the time this action was filed. No contention is here made that the complaint filed in Barton County, Kansas, did not charge a crime or that the extradition proceedings were in any respect irregular.

The petitioner asserts in his petition that his arrest and detention are unlawful for the following reasons: (1) That he is not a fugitive from justice from the State of Kansas; (2) that the attempt to remove this petitioner to the State of Kansas is for the sole purpose of attempting to extort money from him and not for the purpose of trying him for any crime in the State of Kansas; (3) that petitioner has legal title to the property in question; (4) that any claims or demands against petitioner are civil and not criminal in their nature; and (5) that the application for extradition is not made in good faith but for the purpose of collecting a debt.

The evidence shows that petitioner purchased a G.M.C. tank truck from the Whiteman Oil Company, Hoisington, Kansas, on April 23, 1953. The Securities Acceptance Corporation of Great Bend, Kansas, held a chattel mortgage on the truck for approximately $2,500. Petitioner brought the truck to O'Neill, Nebraska, where he secured a certificate of title, a registration certificate, and license plates for the truck. He made payments on the chattel mortgage for a time and then defaulted in his payments. The Securities Acceptance Corporation undertook to collect the amounts owing them. It eventually repossessed the truck and returned it to the Whiteman Motor Company at Hoisington, Kansas. Petitioner asserts that the agents of Securities Acceptance Corporation took possession of the truck without the knowledge of petitioner at a time when it was parked on the streets of O'Neill, Nebraska. An agent of the Securities Acceptance Corporation testifies that the matter was fully discussed with petitioner and that the truck was voluntarily delivered into the possession of the Securities Acceptance Corporation. On or about May 1, 1954, petitioner saw the truck in the Whiteman Motor Company used car lot in Hoisington, Kansas, and he admits driving it away without permission and retaining it in and around O'Neill, Nebraska.

Under the condition of the record it must be presumed

that the complaint filed in Barton County, Kansas, charges a crime. The fact that a complaint was filed against the petitioner in the demanding state is prima facie evidence that he was there charged with a crime, and, if he contends otherwise, the burden is on him to maintain his position by producing the statute of the demanding state. Chandler v. Sipes, 103 Neb. 111, 170 N. W. 604.

Petitioner contends that he is not a fugitive from justice. The rule is: It is not necessary, in order that one be a fugitive from justice, that he shall have left the demanding state for the purpose of avoiding prosecution, but simply that, having committed an act charged to be a crime under the laws of that state, he has left that jurisdiction and is found in another state. Finch v. West, 106 Neb. 45, 182 N. W. 565.

It is urged that petitioner is not guilty of the crime charged for the reason that he retained the title to the truck. This is clearly a matter of defense to be considered by the courts of the demanding state. The question of the guilt or innocence of the accused, or the question of whether or not there is probable cause to believe that the accused is guilty of the crime charged, cannot, in a case of this kind, be passed upon by the courts in a habeas corpus proceeding. Those questions are for the courts of the demanding state to decide. Finch v. West, *supra;* In re Application of Tail, 145 Neb. 268, 16 N. W. 2d 161; Hawk v. Olson, 145 Neb. 306, 16 N. W. 2d 181. The claim of innocence on the ground that he held the legal title to the truck may not be properly considered in a habeas corpus proceeding.

The petitioner contends the record shows that the application for his extradition was not made in good faith and that it was in fact made for the purpose of collecting a debt.

There is evidence in the record on the part of Don E. Ware, sheriff of Barton County, Kansas, to the following effect: While in O'Neill, Nebraska, on a prior occa-

sion, the witness asked the petitioner if he would voluntarily return to Kansas to face the charge. The petitioner refused to do so. The witness then inquired of the petitioner if he owed the debt to Whiteman. He said he did. The witness then asked petitioner if he would care to abate the action before the court. He said that he did not care to do so. In explaining what was meant by abating the action and if it meant the payment of the amount due, Sheriff Ware stated: "I didn't know for sure if that could be done; but I thought at that point it might be done; the court has the right to do that in Kansas, if he saw fit. I thought being I was here if the case could be disposed of in that manner it could be; that would be our advice to the court." On cross-examination on this subject the witness said: "Well, I said to different people, the county attorney, the sheriff and so on if the man paid the money that would be the best way to handle it. I was expressing my own opinion; not the opinion of the court."

We are in accord with the view that extradition proceedings should not be used at the instance of a private person to gratify his malice or to aid him in the collection of a debt. It is not a matter, however, which the courts of the asylum state may properly inquire into. The rule is stated in 22 Am. Jur., Extradition, § 15, p. 254, as follows: "Where a warrant of extradition is sought for some ulterior purpose, as, for instance, the collection of private debts or the gratification of personal malice, it is within the discretionary power of the governor of a state to refuse to issue it. * * * If the governor issues a warrant of rendition, it is the general, although not the universal, rule that on the hearing of a habeas corpus sued out for the liberation of one who is sought to be extradited for the violation of the criminal laws of another state, is not admissible to hear evidence upon, or inquire into, the motives or purpose of the prosecution, or into the motives of the governor of the demanding state." See, also, Chase v. State of

Florida, 93 Fla. 963, 113 So. 103, 54 A. L. R. 271. The cases on this subject have been collected and cited in an annotation in 94 A. L. R. 1493.

We point out, however, that there is no evidence in this record that the seller of the truck or the holder of the chattel mortgage thereon made any offer to compromise the prosecution of the crime charged. It is not asserted that the prosecuting witness had any part in the matter. The misconceptions and mistakes of administrative officers in carrying out the purposes of extradition proceedings do not constitute bad faith such as would warrant the release of one charged with crime in the demanding state. We do not think there is any merit to the contention, even if it was before us, that this record shows bad faith on the part of the prosecuting officials in the State of Kansas.

It is clear from the judgment entered by the district court that it released the petitioner on the theory that he was guilty of no crime. In so doing, error was committed. A crime was charged in Kansas and the extradition proceedings were regular. The merits of the charge may not properly be determined on habeas corpus. The judgment of the district court is reversed and the cause remanded with directions to enter an order holding that petitioner was not unlawfully held and detained by the respondent.

REVERSED AND REMANDED WITH DIRECTIONS.