LE ROY CHAPMAN, APPELLANT, v. NORMAN HAYWARD ET AL., APPELLEES.

71 N. W. 2d 201

Filed June 24, 1955. No. 33801.

*Maupin & Dent* and *Richard W. Satterfield,* for appellant.

*Frank E. Moss* and *James G. McIntosh,* for appellees.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ., and FLORY, District Judge.

CARTER, J.

This is a habeas corpus action commenced in the district court for Lincoln County by Le Roy Chapman, petitioner, against the sheriff of Lincoln County, Nebraska, and others, respondents. The action is in resistance of a proceeding to remove petitioner from the State of Nebraska to the State of Utah by extradition to answer the charge of being an escapee from the Utah State Prison as a fugitive from justice from the State of Utah. The trial court found that petitioner was properly in the custody of the respondents and denied the writ. The petitioner appeals.

The record discloses that on or prior to January 4, 1954, petitioner was imprisoned in the Utah State Prison for the crime of burglary under an indeterminate sentence of 1 to 20 years. On that day a hearing was had in the district court for Salt Lake County, Utah, on the merits of a habeas corpus proceeding instituted by Le Roy Chapman. The trial court indicated that the allegations of the habeas corpus petition would be sustained and ordered the immediate release of the petitioner. A final order releasing the petitioner was filed on January 29, 1954. On May 18, 1954, the Supreme Court of the State of Utah reversed the judgment of the district court for Salt Lake County and directed the entry of an order remanding Le Roy Chapman to the custody of the warden of the Utah State Prison.

On September 24, 1954, a complaint was filed in the city court of Salt Lake City charging petitioner with escape from the Utah State Prison, in violation of Title

76, chapter 50, section 2, Utah Code Annotated, 1953. On December 8, 1954, the Governor of Utah made an executive requisition upon the Governor of Nebraska for the extradition of the petitioner from the State of Nebraska to the State of Utah to answer such charge and that the requisition was honored and an extradition warrant issued by the Governor of Nebraska. The petitioner was at the time serving a sentence of 90 days in the county jail of Lincoln County, Nebraska, for carrying a concealed weapon.

The petition for habeas corpus is grounded on the fact that Chapman was not in the State of Utah on January 29, 1954. Petitioner was released on habeas corpus by the district court for Salt Lake County on January 4, 1954. He left the State of Utah on January 6, 1954, and did not again return to that state. The final order of the district court for Salt Lake County was entered on January 29, 1954, after petitioner had left the state. He was officially released, therefore, on January 29, 1954, on an order which was subsequently reversed and held for naught by the Supreme Court of the State of Utah. It is the contention of the respondents that he became an escapee on January 29, 1954. In Hopkins v. North, 151 Md. 553, 135 A. 367, 49 A. L. R. 1303, the court states the general rule to be: "The decided weight of authority and, in our opinion, the better reasoned cases, hold that, where a prisoner secures his liberty through some illegal or void order, it is to be treated as an escape, and he can be retaken and compelled to serve out his sentence, even though the time in which the original sentence should have been served has expired." Cases on this subject are collected in the annotation to Hopkins v. North, *supra,* found in 49 A. L. R. 1306. See, also, Tines v. Hudspeth, 164 Kan. 471, 190 P. 2d 867.

The petitioner relies upon the fact that he was not in the State of Utah on the day the crime was alleged to have been committed. He relies upon Hyatt v. Corkran,

188 U. S. 691, 23 S. Ct. 456, 47 L. Ed. 657; In re Application of Shoemaker, 25 Cal. App. 551, 144 P. 985; Dennison v. Christian, 72 Neb. 703, 101 N. W. 1045, 117 Am. S. R. 817; and Finch v. West, 106 Neb. 45, 182 N. W. 565. We hold these cases inapplicable since the adoption of the Uniform Criminal Extradition Act in 1935.

Sections 5 and 6 of the Uniform Criminal Extradition Act, which appear as sections 29-705 and 29-706, R. R. S. 1943, provide as follows: "A warrant of extradition must not be issued unless the documents presented by the executive authority making the demand show that the accused was present in the demanding state at the time of the commission of the alleged crime, that he thereafter fled from that state and is now in this state, and that he is lawfully charged by indictment found, or by an information filed by a prosecuting officer and supported by affidavits to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of crime in that state and has escaped from confinement or broken his parole." § 29-705, R. R. S. 1943.

"The Governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged on indictment found in such other state with committing an act in this state intentionally resulting in a crime in such other state; and the provisions of sections 29-701 to 29-728 not otherwise inconsistent shall apply to such case, notwithstanding that the accused was not in that state at the time of the commission of the crime and has not fled therefrom." § 29-706, R. R. S. 1943.

These sections have been construed to provide for the extradition of a criminal from the state in which he acted to the state in which his acts had criminal effect. The language of these sections was designed to cover cases not clearly reached by prior extradition laws. Prior to 1935 it was possible to extradite only those criminals

who were held to be fugitives, that is, who had been physically present in the state in which the crime was committed and had fled therefrom. It had been held that one who commits a crime against the laws of a state by acts done outside of that state was not a fugitive within the meaning of the extradition act. The uniform act was drafted to meet the need for authority to extradite in such cases. It clearly provides for the extradition of a criminal from the state in which he acted to the state in which his acts had criminal effect. See 9 Uniform Laws Annotated, Miscellaneous Acts, pp. 169 to 172. The rule under the Uniform Criminal Extradition Act is: To be a fugitive from justice it is necessary that the person charged as such must have been actually present in the demanding state at the time of the commission of the crime, or, having been there, has then committed some overt act in furtherance of the crime subsequently consummated, and has departed to another jurisdiction. See, also, Getzendanner v. Hiltner, 117 W. Va. 418, 185 S. E. 694; In re Application of Campbell, 147 Neb. 820, 25 N. W. 2d 419; Strassheim v. Daily, 221 U. S. 280, 31 S. Ct. 558, 55 L. Ed. 735.

The record shows that Chapman sought and obtained an order releasing him from the Utah State Prison, to which he was not entitled. He therefore set in motion the proceedings by which he secured his illegal release. He left the state before the litigation was completed. When it was finally determined that the order granting his release was illegal, he became an escapee from the Utah State Prison. He put in force the agency to secure an illegal release and thereby committed an overt act, in contemplation of law, in furtherance of the offense which was subsequently consummated in Utah, and departed the jurisdiction. His offense was one for which he could be extradited under sections 29-705 and 29-706, R. R. S. 1943.

The trial court was correct in denying the writ of

habeas corpus. The judgment of the district court is affirmed.

AFFIRMED.