Chandler v. Sipes.

CHARLES CHANDLER, APPELLANT, v. L. E. SIPES, APPELLEE.

FILED JANUARY 20, 1919.　No. 20682.

1. Habeas Corpus; RETURN. In making return to a writ of habeas corpus, an officer detaining petitioner is required by statute to set out a copy of the warrant of arrest and detention. Rev. St. 1913, sec. 9263.

2. ———: WARRANT. In habeas corpus a warrant of arrest and detention in the hands of the officer executing it is *prima facie* evidence of the cause of detention. Rev. St. 1913, sec. 9265.

3. ———: EXTRADITION: COMPLAINT: BURDEN OF PROOF. The burden of proving that a complaint in a requisition is not certified according to federal law is on a prisoner who demands his freedom

Chandler v. Sipes.

on that ground, where he is detained by an officer under a warrant of extradition, regular on its face.

4. **Extradition: COMPLAINT: CERTIFICATE.** In a requisition the copy of the complaint and the authenticating certificate required by the federal law may be written on different papers.

5. ——: ——: **SUFFICIENCY.** Where the complaint in a requisition charges all of the elements of a crime under the laws of the demanding state, its sufficiency, from the technical standpoint of pleading, presents a question for the courts of that state.

6. **Habeas Corpus: EXTRADITION: COMPLAINT: EVIDENCE.** In habeas corpus to release a prisoner detained under a warrant of extradition, the fact that a complaint was filed against him in the demanding state is *prima facie* evidence that he was there charged with a crime.

7. ——: ——: ——: **BURDEN OF PROOF.** Where a prisoner detained under a writ of extradition regular on its face demands his freedom on the ground that the complaint against him does not charge a crime under the statute of the demanding state, the burden is on him to maintain his position by producing the statute.

8. ——: **WARRANT: PRESUMPTION.** The issuance of a warrant of extradition creates a presumption that the prisoner detained under it is a fugitive.

9. ——: **CONFLICT OF EVIDENCE.** In habeas corpus, where there is a substantial conflict in the evidence as to petitioner's presence in or absence from the demanding state at the time the offense is alleged to have been committed, petitioner is not entitled to his freedom on that issue.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*C. C. Flansburg* and *J. G. Thompson,* for appellant.

*L. F. Randolph, contra.*

ROSE, J.

Charles Chandler petitioned for a writ of habeas corpus, alleging that he was unlawfully deprived of his liberty by L. E. Sipes, who was about to take petitioner to Missouri to answer the charge of assaulting Mary Marnell with intent to kill her. The writ of habeas corpus was issued and petitioner was taken before the district court for Lancaster county. Sipes stated in his return that petitioner was detained under a war-

rant of extradition issued by the governor of Nebraska on a requisition from the governor of Missouri. On a trial of the issues, the proceeding to release petitioner was dismissed, and he has appealed.

The grounds on which petitioner demands his liberty. are that the complaint against him is not authenticated, that he is not charged with any ·crime under the laws of Missouri, and that he is not a fugitive from justice.

Is petitioner entitled to his freedom on the ground that the complaint against him is unauthenticated? In making return to the writ of habeas corpus, Sipes, as officer, or agent of the state of Missouri, was required by statute to set out a copy of the warrant under which he detained petitioner. Rev. St. 1913, sec. 9263. In performing his duty in this respect Sipes presented to the trial court a copy in the following form:

"THE STATE OF NEBRASKA.   EXECUTIVE DEPARTMENT. "To L. E. SIPES:

"WHEREAS, Frederick D. Gardner, Governor of the State of Missouri, has demanded of the Governor of this State Charles Chandler charged with the crime of assault with intent to kill as a fugitive from justice from said State of Missouri and complied with the requisites in the case made and provided: ·

"Now, therefore, I, KEITH NEVILLE, Governor, in the name and by the authority of the State of Nebraska, do issue this my warrant and authorize you to forthwith arrest the aforesaid Charles Chandler anywhere within the limits of this state and transport him, the said Charles Chandler, to the line of this state, he the said L. E. Sipes paying all fees and charges for the arrest of the said Charles Chandler.

"And I do hereby command all sheriffs, constables and other officers in this state, to whom this warrant may be shown, to aid in the execution thereof, and furthermore, that you certify to me your proceedings under the same.

"In Witness Whereof, I have hereunto set my hand and caused to be affixed the Great Seal of the State of Nebraska.

"Done at Lincoln, this 4th day of March in the year of our Lord one thousand nine hundred and eighteen, the fifty-first year of the state, and of the independence of the United States the one hundred and forty-second.

"Keith Neville."

(Great Seal of the
State of Nebraska,
March 1st, 1867.)

"By the Governor:    Charles W. Pool,    Secretary of State."

This warrant in the hands of the officer acting for the governor of Missouri was *prima facie* evidence of the cause of the detention of which complaint is made. Rev. St. 1913, sec. 9265; *McIntyre v. Mote*, 77 Neb. 418. The burden, therefore, was on petitioner to prove that the complaint was unauthenticated, and for that purpose he relies on the complaint itself, which follows:

"State of Missouri ⎫
                          ⎬ ss.
County of Buchanan ⎭

> Before Lyman W. Forgrave, Justice of the Peace within and for Washington Township in Buchanan County, State of Missouri.

"State of Missouri ⎫
        Plaintiff,       ⎪
          v.              ⎬       Felony Complaint.
"Charles Chandler,  ⎪
        Defendant.   ⎭

"Before me, the undersigned Justice of the Peace, personally came John Marnell, Jr., who says that on or

about the 23d day of September, A. D. 1917, at said county, Charles Chandler, upon the body of one Mary Marnell then and there being, feloniously, on purpose and wilfully with a dangerous and deadly weapon, to wit, a chair, which he the said Charles Chandler then and there had and held, did then and there make an assault, with the intent, the said Mary Marnell then and there to kill, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state.

"John Marnell, Jr.

"John Marnell, Jr., first being duly sworn according to law, deposes and says that the facts stated in the above complaint are true.

"John Marnell, Jr.

"Subscribed and sworn to before me, a justice of the peace within and for Washington township, Buchanan county, state of Missouri, this 26th day of November, 1917.

"L. W. Forgrave, Justice of the Peace."

While this complaint, as thus reproduced, does not show that it was certified by the governor of Missouri according to the requirements of the federal statutes, the warrant of extradition is *prima facie* evidence of that fact. 11 R. C. L. p. 749, sec. 45; *Farrell v. Hawley,* 78 Conn. 150, 112 Am. St. Rep. 98, note XV. Did petitioner, in seeking his liberty by means of habeas corpus, disprove the *prima facie* cause of detention shown by the officer's return containing a copy of the warrant of extradition? The federal law does not require an executive, in making a requisition, to confine the complaint and the authentication thereof to a single document. They may properly appear separately among the requisition papers. The complaint was admitted in evidence under the following offer by petitioner himself: "I want to offer in evidence a copy of the complaint contained among the requisition papers which was presented to the governor of the state of

Nebraska as a basis for extradition." This offer shows that the requisition contained other papers. They were not introduced in evidence, and they may have contained the necessary certificate. The complaint, as introduced, therefore, does not disprove the *prima facie* evidence that the governor of Nebraska acted on a proper requisition when he issued his writ of extradition, reciting as it did that the governor of Missouri "complied with the requisites in the case made and provided." It follows that petitioner is not entitled to his liberty on the ground that the complaint against him is unauthenticated.

Should petitioner be released because he is not charged with any crime under the laws of Missouri? The sufficiency of the complaint, when tested by the technical rules of pleading, is a question for the Missouri courts. 11 R. C. L. p. 741, sec. 37. On its face the complaint charges all of the elements of the crime of "assault with intent to kill." In habeas corpus such a complaint is *prima facie* evidence that a crime has been charged in the demanding state. *In re Van Sciever*, 42 Neb. 772; *Farrell v. Hawley*, 78 Conn. 150, 112 Am. St. Rep. 98, note XII; 11 R. C. L. p. 735, sec. 29, p. 741, sec. 37. The burden was on petitioner to show by producing the statute the insufficiency of the complaint. 11 R. C. L. p. 735, sec. 29, p. 749, sec. 45. In the present case there is nothing in the record to refute these presumptions.

Is petitioner entitled to be released on the ground that he is not a fugitive from justice? On this issue the contention of plaintiff is that he was not in Missouri at the time the crime is alleged to have been committed. The issuance of the warrant of extradition created the presumption that petitioner was a fugitive. *Dennison v. Christian*, 72 Neb. 703. The evidence as to petitioner's presence in or absence from Missouri when the offense is alleged to have been committed is conflicting. In this condition of the record the rule is that

petitioner should not be discharged. *Munsey v. Clough,* 196 U. S. 364.

AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.