WILLIAM B. HOAGLAND, APPELLANT, V. STATE OF NEBRASKA,
APPELLEE.

FILED MAY 10, 1935.   No. 29219.

*Johnsen, Gross & Crawford,* for appellant.

*William H. Wright, Attorney General, Milton C. Murphy*
and *D. E. O'Brien, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY,
PAINE, and CARTER, JJ.

ROSE, J.

William B. Hoagland petitioned for a writ of habeas
corpus and for an order releasing him from the Douglas
county jail on the alleged ground that he was therein un-
lawfully deprived of his liberty.  The writ was issued and
petitioner was taken before the district court, where there
was a hearing upon the petition, the sheriff's return, the
evidence adduced and the arguments of counsel.  The dis-

trict court found that petitioner was not unlawfully deprived of his liberty and remanded him to the custody of the sheriff. From that judgment he appealed.

The sheriff detained petitioner under two commitments fastened together with staples. The commitments were issued by Lester Palmer, judge of the municipal court of Omaha, January 16, 1934. Each on its face bore this entry: "These sentences to run consecutively and not concurrently. Lester Palmer." Each of the entries was made by Lester Palmer in the office of the county jail January 17, 1934. Both commitments directed the sheriff to receive and keep Hoagland until discharged by due course of law. One of the commitments stated that Hoagland had been charged with having unlawful possession of intoxicating liquor, that he had been found guilty and that he had been sentenced to serve a term of 30 days in the county jail. The other commitment was the same, with the exception that the charge was operating a motor vehicle while under the influence of intoxicating liquor. After imprisonment of 30 days, Hoagland claimed the sentences ran concurrently; that he had served his full term under both commitments; that the entries, "These sentences to run consecutively," were void; that further detention was unlawful and that he was entitled to his liberty. The law has been stated as follows:

"A prisoner held under a process in due form issued upon a judgment cannot obtain his discharge by habeas corpus, unless the judgment is void, and not merely voidable." *In re Application of Walker*, 61 Neb. 803.

"In an original application for a writ of habeas corpus whereby the plaintiff seeks his discharge from the custody of an officer holding a warrant or commitment regular on its face, it devolves upon the plaintiff to show that his detention is unlawful. Failing to do so, the application will be dismissed and the plaintiff remanded to the custody of the officer holding the authority for his detention." *In re Page*, 89 Neb. 299.

"On habeas corpus the inquiry is confined to matters

which are jurisdictional, mere irregularities or errors, however gross, which do not render the proceedings a nullity, not being considered." *Keller v. Davis*, 69 Neb. 494.

If the sentences or judgments required Hoagland to serve two terms of 30 days each, one term to follow the other, both terms were not served. If such were the judgments, the entries quoted from the commitments and the commitments themselves were not at variance with the sentences pronounced by the judge of the municipal court. The burden was on Hoagland to prove he was sentenced to imprisonment for 30 days only for both offenses. The judicial record of the sentences in the criminal prosecution or a duly certified copy thereof is the best evidence of the penalties imposed for the offenses committed. *Myers v. Fenton*, 121 Neb. 56. A judicial record or copy of formal judgments was not produced or offered. There was, however, a stipulation to the effect that Hoagland was arrested January 14, 1934; that he was charged with the two offenses already stated; that he appeared with his attorney in the municipal court at Omaha January 16, 1934; that evidence was adduced by the state, accused making no defense; that he was sentenced on both charges at the same time, the first sentence being 30 days in the county jail for having unlawful possession of intoxicating liquor and the second being 30 days in the county jail for operating a motor vehicle while under the influence of intoxicating liquor; that a sentence was written, "Thirty days in the county jail," across the back of each complaint by Lester Palmer; that the complaints were the bases of the commitments.

The evidence does not prove that the sentence, "Thirty days in the county jail," written across the back of each complaint, was the only judicial record of the sentences. The stipulated assertion that the complaints were the bases of the commitments was an erroneous conclusion of law. The commitments were based on the sentences or judgments after complaints, trial and conviction. There was

no competent evidence that either sentence or either commitment was void, or that the entry on both commitments, "These sentences to run consecutively," as made by the municipal judge who imposed the sentences and issued the commitments, did not conform to the sentences actually pronounced. The entries in connection with the commitments imported imprisonment for 60 days. The conclusion is that the record fails to show petitioner was unlawfully deprived of his liberty.

AFFIRMED.