ERNEST BONNER, APPELLANT, V. JOHN J. PSZANOWSKI ET AL., APPELLEES.

280 N. W. 843

FILED JULY 1, 1938. No. 30257.

*Lower & Sheehan,* for appellant.

*James T. English* and *James J. Fitzgerald, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and MESSMORE, JJ., and RYAN, District Judge.

MESSMORE, J.

This is an appeal from an order of the district court for Douglas county, denying the petition of applicant for a writ of habeas corpus.

Appellant's petition alleges his citizenship in Douglas county, the unlawful deprivation of his liberty by the police in the Omaha city jail, the arrest and detention of appellant without filing of a complaint or information, without the issuance of a warrant, and without cause. The answer admits the detention of appellant by appellees, based upon authority of an extradition warrant issued after proper proceedings by the governor of Nebraska; legality in form

and as provided by law for extradition proceedings; denies unlawful detention and unlawful deprivation of liberty; admits identification of appellant as same person named in extradition warrant by initials and alias of E. C. Ross. The reply is a denial of the allegations of the answer and return and of the issuance of extradition warrant and hearing before the governor at the time the writ of habeas corpus was issued and served; denies that the applicant was a fugitive from justice in Ohio on or before June 6, 1936; alleges appellant's residence at 1721 Davenport street, Omaha, Nebraska; also that the appellant was engaged in conducting a race book at 1914 Farnam street in Omaha, and was present in Omaha for some time prior to June 6, 1936, and that on said date he attended the funeral of his mother-in-law; and denies the legality, authenticity or correctness of proceedings attached to the answer and return, and that the proceedings referred to appellant.

The appellant was wanted in Madison county, Ohio, in connection with a robbery of one Troy W. Hayes, a resident of said county, who had drawn $900 from the bank to make a payment on a farm which he was purchasing. Two strangers were near Mr. Hayes at the time of his withdrawal of funds from the bank. They contacted Mr. Hayes and made arrangements with him to pasture three race horses. They subsequently went to the Norwich Hotel in Columbus, Ohio, and there got into a card game. They borrowed some money of Mr. Hayes and subsequently robbed him. One of the three men is serving a term in the Ohio penitentiary for the offense. The appellant contends that he was not in Columbus, Ohio, on the day the robbery occurred, but was attending his mother-in-law's funeral in Omaha, Nebraska, June 6, 1936, the date of the robbery in Ohio, and produced several witnesses to corroborate his testimony. Relatives and friends did testify positively that the appellant was in the city of Omaha on June 6, 1936. *Contra* to this testimony was that of identification at the police station in Omaha, where Mr. Hayes identified the appellant; also the testimony of a police officer that appel-

lant's driver's license was found in the hotel room where the robbery occurred a half hour thereafter; also an admission by appellant that he had an acquaintance with the two other men, and that he had been in Columbus the latter part of June, but not in the fore part of that month, and evidence that the appellant had been previously convicted of a felony.

Appellant claims that the evidence adduced by him is sufficient to warrant the conclusion that he was not in the demanding state at the time of the alleged robbery of Hayes, and by his evidence seeks to prove an alibi. The record discloses that there is a substantial conflict in the evidence as to petitioner's presence in or absence from the demanding state at the time the offense is alleged to have been committed.

No specific assignments of error are set forth in the appellant's brief. The regularity of the proceedings is not questioned, and a review thereof discloses that they are not subject to question.

In *Chandler v. Sipes*, 103 Neb. 111, 170 N. W. 604, we held: "In habeas corpus, where there is a substantial conflict in the evidence as to petitioner's presence in or absence from the demanding state at the time the offense is alleged to have been committed, petitioner is not entitled to his freedom on that issue."

In the opinion in *Munsey v. Clough*, 196 U. S. 364, 375, 49 L. Ed. 515, we find this language: "But the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the state, as habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused." The court further said: "When it is conceded, or when it is so conclusively proved, that no question can be made that the person was not within the demanding state when the crime is said to have been committed, and his arrest is sought on the ground only of a constructive presence at that time, in the demanding state,

then the court will discharge the defendant"—citing *Hyatt v. People,* 188 U. S. 691, affirming the judgment of the New York court of appeals, 172 N. Y. 176, 64 N. E. 825.

In 29 C. J. 78, we find this language: "The court will not discharge a defendant arrested under an extradition warrant where there is merely contradictory evidence on the subject of presence in, or absence from, the state, as habeas corpus is not the proper proceeding to try the question of alibi, or any. question as to the guilt or innocence of accused." See *Chandler v. Sipes, supra.*

In the case of *Hoagland v. State,* 129 Neb. 6, 260 N. W. 695, this court held: "In habeas corpus, the burden is on petitioner to prove his detention is unlawful."

The order of the trial court denying the writ of habeas corpus to appellant is

AFFIRMED.