(No. 40758.—

THE PEOPLE *ex rel.* John Raymond Banks, Appellant, *vs.* HAROLD FARNER, Sheriff, Appellee.

*Opinion filed January 19, 1968.*

J. C. MITCHELL and W. A. ARMSTRONG, both of Marion, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and K. T. HUBLER, State's Attorney, of Marion, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The circuit court of Williamson County quashed a writ of *habeas corpus,* which had issued on the petition of relator John Raymond Banks. He was remanded to the custody of the sheriff for extradition to Alabama. The relator appeals, contending that the demand and supporting papers are insufficient.

The demand upon which the Governor of Illinois issued the rendition warrant says the relator stands charged with

bigamy and two cases of forgery, second degree, committed within the county of Pickens and State of Alabama, "as shown by certified copy of Indictment and allied papers." Offered in evidence at the *habeas corpus* hearing were the supporting papers presented to the Governor of Illinois. These showed that on July 25, 1962, the relator had been convicted of the designated crimes and sentenced to the penitentiary at Montgomery, from which he escaped on April 15, 1964, and that he has thereafter been at large and a fugitive from justice.

Asserting that the demand recites he stands charged "by indictment," the relator contends the supporting papers contradict it because they show that he stands charged of the crimes "by virtue of a judgment of conviction." It is argued that it was just this sort of contradiction which required the discharge of the relator in *People ex rel. Ritholz* v. *Sain,* 24 Ill.2d 168. In our opinion the facts here are distinguishable from those in *Ritholz.* There the demand recited only that relator stood charged of a crime by virtue of a complaint and warrant, but the supporting papers reflected that he stood charged with the crime by virtue of a judgment of conviction. In the present case the demand stated that relator was charged with crime as shown by the indictment "and allied papers." The demand in *Ritholz,* referring only to a complaint and warrant, was not consistent with the papers which showed a conviction, but the demand here, which referred to an indictment and allied papers, was in no way inconsistent with the papers showing the conviction. There may have been some doubt in the *Ritholz* case as to whether the crime referred to in the complaint was the same as that of which relator was convicted. There is no basis for such doubt here. The fact that the papers also showed conviction, sentence and escape does not contradict the statement that he stands charged with the designated crimes. Even after he has been convicted a person remains "charged" with the crime, within the meaning of extradition statutes, so long

as the judgment of conviction remains unsatisfied. *People ex rel. Holmes* v. *Babb,* 414 Ill. 490; *People ex rel. Westbrook* v. *O'Neill,* 378 Ill. 324.

Relator urges next that the indictments fail to sufficiently allege the times or places of the offenses, and fail to specify with particularity the nature of the crimes themselves. The contention must be rejected. It is well settled that the technical sufficiency of an indictment or information is not subject to consideration in a *habeas corpus* proceeding. (*People ex rel. Lacanski* v. *Backes,* 19 Ill.2d 541; *People ex rel. Downer* v. *O'Brien,* 373 Ill. 383.) As this court pointed out in *People ex rel. Flowers* v. *Gruenewald,* 390 Ill. 79, 83, "It is according to the laws of Alabama, the State whose laws are alleged to have been violated, that the indictment must be construed and not by the technical rules of criminal pleading at common law, or by the statutes of Illinois. In all cases the technical sufficiency of the indictment must be determined by the courts of the demanding State and not on *habeas corpus* proceedings in the courts of this State."

In further challenging the sufficiency of the extradition papers the relator contends that the judgment of conviction and sentence are not accompanied by "a statement by the Executive Authority of the demanding state that the person claimed has escaped from confinement" as required by section 3 of the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1965, chap. 60, par. 20), and that the absence of the Alabama Governor's signature on the statement is fatal. The requisition signed by the Governor of Alabama recites that the relator has fled from justice of that State, and the warrant signed by the Governor of Illinois recites he is satisfied that the relator is a fugitive from justice and has fled from Alabama. In any event section 3 of the act specifies three documentary alternatives, including "a copy of an indictment found," and as we have indicated the demand in the case at bar is accompanied by certified copies

of the indictments in question. This is enough to meet the statutory requirement. We think the warrant of the Governor of this State and the demand with accompanying papers presented to him, sufficiently support the return. *Cf. People ex rel Downer* v. *O'Brien,* 373 Ill. 383.

There is no question in this case that the relator stands charged with a crime in the State of Alabama and is a fugitive from justice from that State. The only purpose of extradition is the return of the fugitive to the place of the alleged offense; it is not a judicial proceeding to inquire into the merits of the charges. The statute should be accorded a liberal construction to accomplish the return of the fugitive summarily, and while courts recognize his right to a writ of *habeas corpus* to determine if he is substantially charged with a crime and is actually a fugitive from the demanding State, the scope of inquiry is limited to those considerations. *People ex rel. Hackler* v. *Lohman,* 17 Ill.2d 78.

There is no evidence in the record to challenge or overcome the *prima facie* case made by the issuance of the Governor's warrant, and the relator was not entitled to be discharged. The circuit court was correct in quashing the writ of *habeas corpus* and remanding the relator to the custody of the sheriff. The judgment will be affirmed.

*Judgment affirmed.*