(No. 42807.—

THE PEOPLE *ex rel.* H. E. Halley, Appellant, *vs.* CHESLEY WILLIS, Sheriff, Appellee.

*Opinion filed July 14, 1970.—Rehearing denied October 6, 1970.*

ROBERT L. LANSDEN, of Cairo, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and PEYTON BERBLING, State's Attorney, of Cairo, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The circuit court of Alexander County quashed a writ of *habeas corpus* which had been issued on the petition of the relator, H. E. Halley, and remanded him to the custody of the sheriff for extradition to Kentucky. He has appealed directly to this court pursuant to Supreme Court Rule 302. 43 Ill.2d R. 302.

At the hearing upon the petition and the return of the sheriff, it appeared that the relator was in custody upon a rendition warrant of the Governor of Illinois directing his return to the State of Kentucky. The evidence received consisted of the complaint filed in the Ballard Quarterly Court, Ballard County, Kentucky, the requisition of the Governor of Kentucky and accompanying documents, the rendition warrant of the Governor of Illinois, and the sheriff's return to the writ of *habeas corpus*.

The relator first argues that the rendition warrant of the Governor of Illinois is void on its face. That warrant recites that the Governor of Kentucky demands the arrest and delivery of H. E. Halley as a fugitive from justice, and has produced before the Governor of Illinois a complaint charging Halley with having committed "in the County of BALLARD in the said STATE OF KENTUCKY the crime of UNLAWFUL IMPRISONMENT & TRANSPORTATION OUT OF THIS STATE which the said

Governor certifies to be a crime under the laws of said STATE OF KENTUCKY * * *." The relator argues that the words "out of this state" can only refer to the State of Illinois, and since there is no criminal statute in Kentucky which makes it a crime for a person to imprison unlawfully and transport another person out of Illinois, the warrant is void.

This contention cannot be sustained. The words "out of this state" are part of the description of the crime alleged to have been committed in Kentucky. Although they do not appear in quotation marks, they are typed into the appropriate blank space in the printed rendition warrant, and they are actually—and we think obviously—quoted from the requisition of the Governor of Kentucky. They refer to transportation out of Kentucky.

The relator next argues that the offense described in the requisition of the Governor of Kentucky is not a crime in that State. Section 435.150 of the Kentucky Revised Statutes provides: "Any person who arrests or imprisons another or transports him, against his will, beyond the bounds of this state, otherwise than according to law * * * shall be confined in the penitentiary for not less than one nor more than twenty years." (KRS 435.150.) The requisition of the Governor of Kentucky follows the language of the complaint and states that the relator committed in Kentucky "the crime of unlawful imprisonment & transportation out of this state." The relator argues that since the requisition speaks in the conjunctive, while the statute speaks in the disjunctive, the conduct which the requisition describes is not a crime in Kentucky.

The discrepancy of which the relator complains is not apparent to us, nor do we see how he could be harmed by it if it existed. In any event, it is settled that the technical sufficiency of an affidavit, indictment or information is to be determined by the courts of the demanding State and not in a *habeas corpus* proceeding in the courts of this State.

(*People ex rel. Banks* v. *Farner* (1968), 39 Ill.2d 176; *People ex rel. Patterson* v. *Barrow* (1954), 4 Ill.2d 52.) Whether the relator can be prosecuted under the complaint in this case is a question for the courts of Kentucky and not of Illinois.

The relator's final contention is that he was not a fugitive from Kentucky. He argues that the words "out of this state" or "beyond the bounds of this state" as used in the Kentucky requisition and complaint, "according to the standard usage of the English language, modify and refer to both the imprisonment and the transportation," and therefore the relator "could not be a fugitive because the essential act to make his conduct criminal had to occur in Illinois." But when the complaint is read in conjunction with the statute to which it refers, we think it is clear that the words "beyond the bounds of this state" clearly refer only to the transportation, and that the unlawful imprisonment took place in Kentucky and not in Illinois.

The judgment of the circuit court of Alexander County quashing the writ of *habeas corpus* and remanding the relator to the custody of the sheriff is affirmed.

*Judgment affirmed.*