IN RE APPLICATION OF GREGORY AUSTIN FOR A WRIT OF HABEAS CORPUS.
GREGORY AUSTIN, APPELLANT, V. KERMIT BRUMBAUGH, SHERIFF OF CHEYENNE COUNTY, NEBRASKA, APPELLEE.

186 N. W. 2d 723

Filed May 7, 1971. No. 37872.

Guy F. Bush, for appellant.

Clarence A. H. Meyer, Attorney General, Ralph H. Gillan, and Donald J. Tedesco, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is a habeas corpus action commenced in the district court for Cheyenne County against the sheriff of that county. The action is in resistance of a warrant of extradition issued by the Governor of the State of Nebraska upon a requisition of the Governor of Michigan. The trial court sustained the respondent's motion quashing the writ. The petitioner appeals.

The petitioner alleged: "The imprisonment and restraint of petitioner are illegal in that: (1) the papers on which the said warrant was issued by the Governor are insufficient in law to support it; (2) there is no such crime as 'Parole Violation (Uttering and Publishing)' in Michigan; (3) petitioner was not present in the demanding State on the 2nd day of August, 1970, when the said crime is alleged to have been committed, and hence is not a fugitive from the justice of that State; * * * *."

The petitioner contends that the requisition and the evidence do not meet the requirements of section 29-731, R. R. S. 1943, of the Uniform Criminal Extradition Act. The evidence introduced before the trial court which is pertinent to the disposition here was: (1) The requisition and the accompanying papers; (2) a copy of certain Michigan statutes upon which the petitioner relied; and (3) the testimony of a deputy sheriff of Cheyenne County that the accused was taken into custody in Cheyenne County for a local offense sometime dur-

ing the evening of August 2 or the night hours of August 2-3, 1970.

The petitioner contends: (1) The requisition does not meet the requirements of the law which requires an allegation that the petitioner was present in the demanding state at the time of the alleged offense and that the proof shows his presence in Cheyenne County on the pertinent date. (2) The requisition is deficient in that it is not accompanied by one of the following instruments: (a) A copy of an information supported by affidavit, or (b) a copy of an affidavit made before a magistrate of the demanding state, together with a copy of any warrant issued thereon, or (c) a copy of a judgment of conviction or a sentence imposed, together with a statement of the Executive Authority of Michigan that the person claimed has escaped from confinement or has broken the terms of his probation, bail, or parole. § 29-731, R. R. S. 1943. (3) The requisition is deficient in that it does not allege the petitioner has committed a crime under the laws of Michigan and consequently cannot be a fugitive.

We affirm the trial court's action in sustaining the motion to quash the writ.

The requisition of the Governor of Michigan states: "It appears by Application and Papers in Support Thereof which are hereunto annexed, and which I certify to be authentic and duly authenticated, in accordance with the laws of this State, that Gregory Austin stands charged with the crime of Parole Violation (Uttering and Publishing) which I certify to be a crime under the laws of this State, * * *."

Petitioner's position is in part founded upon the premise that the words "parole violation (uttering and publishing)" do not allege a crime under the laws of the State of Michigan. No doubt such words would be insufficient in an information or complaint. However, the papers attached to and accompanying the requisition and which the Michigan Governor certifies are "authentic

and duly authenticated" include, among other things: (1) A certified copy of judgment of conviction showing that Gregory Austin was convicted on June 1, 1966, in the State of Michigan of the crime of "Uttering and Publishing A Forged Check" on April 3, 1966, and was sentenced under the Michigan Penal Code to prison for a period of not less than 1½ years nor more than 14 years. (2) An application for requisition signed by the deputy director, State Department of Corrections, which states that Gregory Austin was placed on parole for the above offense on February 11, 1970, and on *August 2, 1970,* violated the provisions of his parole prior to the termination of his sentence. Part of the application is an affidavit of the deputy director setting forth the circumstances of the parole violation which includes a statement: "In that on or about August 2, 1970," Austin left the State of Michigan without permission.

We hold: (1) The certification and authentication by the Governor of the accompanying papers, to wit, the judgment of conviction and the statement in the application of the deputy director is a sufficient compliance with the provisions of section 29-731, R. R. S. 1943, requiring a statement of the Executive Authority, that is, the Governor, that the terms of probation have been violated. This complies with one of the alternative provisions of the statute. (2) The requisition sufficiently charges a crime under the laws of Michigan because the requisition refers to as "authentic" the certified copy of the information which is among the accompanying papers and charges the commission of the crime of uttering and publishing a certain forged check. The accompanying copy of the information, although not supported by an affidavit, is sufficient statement of the Executive Authority of the nature of the crime charged since it is stated to be authentic in the requisition itself. There is no requirement in the statute that the Governor's statement of the crime charged must be made in affidavit form.

This court long ago held that the requisition in an extradition proceeding may refer to accompanying papers and if together they meet statutory requirements that is sufficient. Chandler v. Sipes, 103 Neb. 111, 170 N. W. 604. In this case the requisition refers to, annexes, and authenticates the accompanying papers. See, also, Ex parte Albright v. Clinger, 290 Mo. 83, 234 S. W. 57; People ex rel. Higley v. Millspaw, 281 N. Y. 441, 24 N. E. 2d 117.

The federal Constitution and federal statutes control extradition in fugitive from justice cases and state statutes are merely ancillary thereto and may permit the Governor to surrender the prisoner on terms less exacting than those imposed by Congress. 35 C. J. S., Extradition, § 3, p. 383; People ex rel. Matochik v. Baker, 306 N. Y. 32, 114 N. E. 2d 194; Ex parte Riccardi, 68 Ariz. 180, 203 P. 2d 627. The Uniform Criminal Extradition Act offers alternative provisions to the federal statutes, 18 U.S.C.A., § 3182, p. 127, and if complied with is sufficient to meet the requirements of the federal Constitution and statutes.

The petitioner contends that the affidavit made by the deputy director should have been sworn to before a magistrate and that the provision of the statute: "or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon" has not been met. The petitioner's evidence in the form of the Michigan statutes was offered for the purpose of showing that a notary public is not a magistrate under Michigan law. However, the provision referred to is a requirement of the statute alternative to the one we hold has been met so we do not need to decide this question.

The petitioner next contends that the evidence shows that he was in the State of Nebraska on August 2, 1970; that the proof shows the allegations of the requisition and the accompanying papers that petitioner had violated his parole on or about August 2 is false; and that

the provision of the statute requiring an allegation in the requisition: "that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state," fails of proof.

The petitioner's contention in this respect must fail for the following reasons: (1) A statement in the requisition and the authenticated, accompanying papers that the person sought to be extradited was in the demanding state on the date of the offense charged is prima facie evidence of the truth of the allegation, and the burden of proof is on the applicant in a habeas corpus proceeding in resistence of the extradition to prove otherwise. Levy v. Splain, 267 F. 333; People ex rel. Higley v. Millspaw, *supra;* In re Sanders, 154 Minn. 41, 191 N. W. 391. The proof shows only that at some time on the evening of August 2, 1970, or the night of August 2-3, 1970, the petitioner was in Cheyenne County. It does not show where he was earlier that day. (2) The requisition and accompanying papers show, and petitioner introduced no contradictory evidence, that the petitioner is wanted to serve an unexpired term for uttering and publishing a forged check, which offense occurred at the time hereinbefore stated and that petitioner at that time was in the State of Michigan as shown in the papers accompanying the requisition. The statement in the requisition that about August 2, 1970, the petitioner violated his parole obviously means, in the light of the accompanying papers, that on that date the petitioner was in violation of his parole.

In Ex parte Albright v. Clinger, *supra,* the Supreme Court of the State of Missouri, considering a similar situation, stated: "The right of the State of Ohio to the relator's return was, therefore, based upon the unsatisfied judgment of conviction against him which entailed imprisonment. Upon a showing of these facts without more, the issuance of the requisition would have been authorized and the incident that he was at large

physically, instead of being indurance when he forfeited his right to clemency, was a matter with which the Governor of this State need not concern himself." See, also, People ex rel. Banks v. Farner, 39 Ill. 2d 176, 233 N. E. 2d 360.

The essential requirements of section 29-731, R. R. S. 1943, have been met and this is all that is required. Petitioner cites in support of his position United States ex rel. McCline v. Meyering, 75 F. 2d 716. That was a case in which the demanding Governor was attempting to comply with the requirements of the federal statute and did not do so. The requisition in this case does meet the less demanding requirements of the Nebraska law. See Johnson v. State, 45 Ala. App. 40, 222 So. 2d 370, in which the facts are substantially the same as here.

The action of the trial court quashing the writ was correct and its judgment is affirmed.

AFFIRMED.