DANIEL DOVEL, APPELLANT, V.
DALE ADAMS, APPELLEE.

301 N.W.2d 102

Filed January 23, 1981. No. 43378.

Robert B. Creager of Berry, Anderson & Creager for appellant.

Ron Lahners, Lancaster County Attorney, and Robert R. Gibson for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

This is a habeas corpus action commenced in the District Court for Lancaster County, Nebraska, against the sheriff of that county. The action is in resistance to a warrant of extradition issued by the Governor of the State of Nebraska upon a requisition by the Gov-

ernor of Florida. The requisition is based upon a Florida information charging Daniel Dovel with conspiracy to import a controlled substance. After the introduction of evidence and hearing, the District Court denied the relief requested by the petitioner and dismissed his petition, and he appeals to this court.

The sole issue raised in the District Court and in this court is the sufficiency of the evidence to identify the petitioner as the person named in the extradition warrant and proceedings.

The issues which a court of the asylum state may consider in an extradition proceeding are limited. *West v. Janing*, 202 Neb. 141, 274 N.W.2d 161 (1979). One of the issues which the court may consider is whether the petitioner is the person named in the request for extradition. In his petition for the writ of habeas corpus, the petitioner raised that issue in the following language: "9. That there is insufficient or no evidence demonstrating that this Petitioner is the same individual as the one who is alleged to have committed the alleged violations of Florida law as set forth in the Governors warrant and supporting papers."

The person named in the authenticated extradition proceedings is Daniel Dovel. The petitioner used the name Daniel Dovel in the caption of his petition and affixed thereto the verified signature, Daniel Dovel. Petitioner did not testify, as a witness, to establish the various allegations in his petition, nor deny under oath, as a witness, that he is the Daniel Dovel named in the authenticated extradition papers and in the Governor's warrant.

The respondent, in his return to the order to show cause, alleged that he had Daniel Dovel in custody; that the authority and cause for the custody were the extradition proceedings which were attached to the return. The respondent specifically denied the allegation in the petition attacking the extradition proceed-

ings, including that numbered 9 which we have earlier quoted.

The respondent introduced the authenticated extradition proceedings into evidence, together with testimony by a member of his staff who was charged with serving extradition warrants and other duties related to extradition proceedings. This individual caused photographs of the petitioner to be taken. He then sent these photographs and a request for identification to the Florida law enforcement department which held the warrant for Dovel's arrest on the conspiracy charge. In response to this request, the witness received from the sheriff of Pinellas County, Florida, copies of the photographs which the witness had sent, together with an affidavit in the following form: "The attached photo has been identified as DANIEL DOVAL by Detective Robert Clark of the Clearwater Police Department who was actively involved in the Conspiracy case of which we hold outstanding warrant #79-4789, in the name of Daniel Dovel.

/s/ Det Robert Clark
Robert Clark, Detective
Clearwater Police Department"

It is a reasonable inference from the record that the district judge looked at the photographs and at the petitioner and concluded that the petitioner was the person named in the warrant. He thereupon dismissed the petition.

The following principles govern: In an action for a writ of habeas corpus, including one which challenges extradition proceedings, the burden of proof is upon the petitioner to establish his claim that his detention is illegal. *Hoagland v. State*, 129 Neb. 6, 260 N.W. 695 (1935); *Austin v. Brumbaugh*, 186 Neb. 815, 186 N.W.2d 723 (1971). Once the petitioner has established his claim, the burden to introduce contrary evidence may, under some circumstances, shift to the state. 39A C.J.S. *Habeas Corpus* § 194, p. 112.

The statutory rules of evidence, except those as to privilege, do not apply to, among other things, proceedings for extradition. Neb. Rev. Stat. § 27-1101(4)(b) (Reissue 1979). In extradition proceedings, tested by habeas corpus, the respondent establishes a prima facie case of identity from the recital of the name in the Governor's warrant and the corresponding name of the person in custody. *Ex Parte Freeman*, 80 Ariz. 21, 291 P.2d 795 (1955).

In this case, the petitioner did not carry his initial burden. There was no evidence that he was not the identical Daniel Dovel named in the extradition proceedings. The respondent did introduce admissible evidence tending to establish the identity of the petitioner as the person named in the authenticated proceedings and the warrant.

The petitioner's argument is that the photographic evidence and the affidavit should have been included in the authenticated extradition proceedings. He cites no authority for this proposition. We have found none.

AFFIRMED.