IN RE APPLICATION OF JOHN DAVID MAHAN FOR A WRIT
OF HABEAS CORPUS.
JOHN DAVID MAHAN, APPELLANT, V. WARD GREENE,
KEITH COUNTY SHERIFF, APPELLEE.
319 N.W.2d 760

Filed May 21, 1982.  No. 81-677.

David T. Schroeder, for appellant.

George M. Zeilinger, Deputy Keith County Attorney, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

BOSLAUGH, J.

The plaintiff, John David Mahan, appeals from an order of the District Court dismissing his petition for a writ of habeas corpus and remanding him to the custody of the sheriff.

While the plaintiff was in custody in Keith County, Nebraska, on several unrelated charges, it was discovered that he was a fugitive from the State of Florida. In 1978, the plaintiff, who is also known as Frederick Leroy Cheek, Jr., had been convicted in Florida of burglary and sentenced to 15 years' imprisonment. On September 25, 1979, the plaintiff escaped from the custody of the Florida Department of Corrections. Florida now seeks extradition.

The warrant of the Governor of Nebraska was served on the plaintiff on July 10, 1981. This action was filed July 16, 1981.

Although the petition contained many allegations, the only issue upon the appeal relates to the identi-

fication of the plaintiff as the fugitive wanted in Florida. At the hearing the plaintiff was identified as the fugitive by fingerprints and a photograph. These were received in evidence over the objection of the plaintiff. The plaintiff contends the evidence which was documentary and hearsay was not admissible and his right of confrontation was violated.

The case is controlled by our decision in *Dovel v. Adams,* 207 Neb. 766, 769, 301 N.W.2d 102, 103 (1981), in which we held: "The statutory rules of evidence, except those as to privilege, do not apply to, among other things, proceedings for extradition. Neb. Rev. Stat. § 27-1101(4)(b) (Reissue 1979)."

The Nebraska statute is the same as Rule 1101 of the Federal Rules of Evidence. As pointed out in the notes of the Advisory Committee, extradition proceedings are essentially administrative in character and neither the rules of evidence nor the rules of criminal procedure are applicable. There is no right of confrontation in an extradition proceeding.

In *Simmons v. Braun,* 627 F.2d 635, 636 (2d Cir. 1980), the court said: "An extradition proceeding is not a criminal trial in which the guilt or innocence of an accused is adjudicated. *Jhirad v. Ferrandina,* 536 F.2d 478, 482 (2d Cir.), *cert. denied,* 429 U.S. 833, 97 S. Ct. 97, 50 L. Ed. 2d 98 (1976); *Sabatier v. Dabrowski,* 586 F.2d 866, 869 (1st Cir. 1978). The purpose of the hearing is simply to determine whether the evidence of the fugitive's criminal conduct is sufficient to justify his extradition under an appropriate treaty. The Federal Rules of Criminal Procedure are not applicable. See Rule 54(b)(5). Neither are the evidentiary rules of criminal litigation. *United States v. Mulligan,* 50 F.2d 687, 688 (2d Cir.), *cert. denied,* 284 U.S. 665 (1931). Hearsay evidence is admissible. *Id.* Unsworn statements of absent witnesses may be considered. *Collins v. Loisel,* 259 U.S. 309, 317, 42 S. Ct. 469, 472, 66 L. Ed.

956 (1922). There is no inherent right to the confrontation and cross-examination of witnesses. *Bingham v. Bradley,* 241 U.S. 511, 517, 36 S. Ct. 634, 637, 60 L. Ed. 1136 (1916)."

The judgment of the District Court is affirmed.

AFFIRMED.