THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALAN DEAN CRANDALL, Defendant-Appellant.

Fourth District   No. 4—84—0257

Opinion filed February 15, 1985—Rehearing denied March 18, 1985.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Benson, State's Attorney, of Paxton (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Pursuant to a request for extradition by the Governor of Texas, the Governor of Illinois issued a warrant for the arrest of the defendant, Alan Dean Crandall. After being taken into custody, Crandall petitioned for a writ of *habeas corpus*, but the circuit court of Ford County denied his petition. Crandall appeals, contending he has not been substantially charged with a crime in Texas.

Illinois has adopted the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1983, ch. 60, par. 18 *et seq.*). The legislation is designed to furnish an expeditious and summary procedure for returning a fugitive to the demanding State. (*People ex rel. Kubala v. Woods* (1972), 52 Ill. 2d 48, 53, 284 N.E.2d 286, 289.) Section 3 of the Act outlines the form of a demand which the Governor can recognize. Insofar as that section

applies to the instant case, the demand must be in writing and allege that the accused was present in the demanding State at the time of the commission of the alleged crime and that he thereafter fled from the State. The demand must also be accompanied by a copy of an indictment, information supported by affidavit or affidavit made before a magistrate, which must "substantially charge the person demanded with having committed a crime under the law of that state." Ill. Rev. Stat. 1983, ch. 60, par. 20.

Once the Governor has recognized the demand, a court considering release on *habeas corpus* is limited to inquiring only whether: (1) the documents are in regular form; (2) the accused is the person named in the warrant; (3) the accused is a fugitive; and (4) the accused has been charged with a crime in the demanding State. (*People v. Koren* (1983), 114 Ill. App. 3d 421, 423, 449 N.E.2d 191, 193.) These questions involve "historic facts readily verifiable." (*Michigan v. Doran* (1978), 439 U.S. 282, 289, 58 L. Ed. 2d 521, 527, 99 S. Ct. 530, 535.) Crandall raises only the final issue in this suit.

A copy of an indictment accompanied the demand for extradition. The charge listed on the indictment is "Sex Abuse Child." At the time of the indictment, Texas law stated a person committed the offense of "Sexual Abuse of a Child" "if, with intent to arouse or gratify the sexual desire of any person, he engages in deviate sexual intercourse with a child" under the age of 17 and not his spouse. (Tex. Penal Code Ann. sec. 21.10 (Vernon 1974).) "Deviate sexual intercourse" was defined as "any contact between any part of the genitals of one person and the mouth or anus of another" or "the penetration of the genitals or anus of another person with an object." (Tex. Penal Code Ann. sec. 21.01 at 183 (Vernon Supp. 1985).) The body of the indictment against Crandall states that he:

> "[D]id unlawfully, knowingly and intentionally, engage in deviate sexual intercourse with *** complainant, a person not the spouse of the Defendant, by contact between the genitals of the complainant and the genitals of the defendant and with the intent to arouse and gratify the sexual desire of the defendant; and the said complainant was younger than seventeen (17) years of age, and furthermore, the said complainant was younger than fourteen (14) years of age."

Thus, while the indictment speaks in the language of the statute proscribing sexual abuse of a child, the acts described do not constitute that offense.

■ For extradition purposes, there is no requirement that the indictment specify with particularity the nature of the crime or the fac-

tual basis. (*People ex rel. Banks v. Farner* (1968), 39 Ill. 2d 176, 179, 233 N.E.2d 360, 361; *Michigan v. Doran* (1978), 439 U.S. 282, 289-90, 58 L. Ed. 2d 521, 528, 99 S. Ct. 530, 535-36.) Crandall, however, argues the discrepancy between the charge and the conduct described renders the indictment fatally defective under Texas law. He cites cases from that jurisdiction which hold that an indictment cannot be amended either by reducing, changing, or adding to the facts alleged. (See, *e.g., Brasfield v. State* (Tex. Crim. App. 1980), 600 S.W.2d 288.) Crandall concedes the conduct described in the indictment would fall under the Texas statute proscribing indecency with a child, also a felony (Tex. Penal Code Ann. sec. 21.11 (Vernon 1974)); but he asserts Texas case law also prohibits an amendment of the offense charged. Crandall concludes he has not been substantially charged with a crime. We disagree.

Crandall is simply attacking the sufficiency of the indictment as a criminal pleading. The issue, however, is not whether the indictment is good enough, over a seasonable challenge, to bring the accused to trial, but whether the indictment satisfactorily shows that the accused has in fact been charged, however inartificially, with a crime in the State from which he has fled. The phrase "charged with a crime" is to be understood in a broad and practical sense. (*Pierce v. Creecy* (1908), 210 U.S. 387, 401-02, 52 L. Ed. 1113, 1120-21, 28 S. Ct. 714, 718-19.)

> "[T]he indictment, in order to constitute a sufficient charge of crime to warrant interstate extradition, need show no more than that the accused was substantially charged with crime. *** If more were required it would impose upon courts, in the trial of writs of habeas corpus, the duty of a critical examination of the laws of states with whose jurisprudence and criminal procedure they can have only a general acquaintance. Such a duty would be an intolerable burden, certain to lead to errors in decision, irritable to the just pride of the states, and fruitful of miscarriages of justice." 210 U.S. 387, 405, 52 L. Ed. 1113, 1122, 28 S. Ct. 714, 720.

The court in *People ex rel. Abeles v. Elrod* (1975), 27 Ill. App. 3d 155, 326 N.E.2d 443, faced the same issue we now face. The relator in *Abeles* contended a Wisconsin indictment was insufficient to charge him with a crime because it charged him under the wrong section of the statute. The *Abeles* court, however, had the benefit of a Wisconsin trial court's decision sustaining the same indictment against the same objection made by the relator's co-defendants. Thus, the *Abeles* court easily dispensed with the relator's appeal without interpreting Wisconsin law.

844

■ In the present case, we have no such benefit. In order to decide whether Crandall's contention that the indictment is fatally deficient is correct, we would have to interpret Texas law. To avoid such a result, the law is well settled that the technical sufficiency of an indictment is not open to consideration in a *habeas corpus* proceeding. (*People ex rel. Banks v. Farner* (1968), 39 Ill. 2d 176, 179, 233 N.E.2d 360, 361.) The indictment charges Crandall with deviate sexual intercourse with a child. While the facts outlined do not support that charge, they substantially charge Crandall with indecency with a child. Whether Crandall can be prosecuted under the indictment for either charge is a question for the courts of Texas, not of Illinois. *People ex rel. Halley v. Willis* (1970), 46 Ill. 2d 29, 32, 262 N.E.2d 480, 482.

For the foregoing reasons, the order of the circuit court of Ford County is affirmed.

Affirmed.

GREEN, P.J., and WEBBER, J., concur.