## THE STATE v. DOWE.

1. **Criminal law: FALSE PRETENSES: PROMISE.** While a false promise will not sustain the charge of obtaining property, etc., under false pretenses, yet the fact that a promise is combined with the false pretense does not destroy the criminality of the act; and if both blend together and jointly act upon the mind of the defrauded person, it is sufficient.

2. —— **RULE APPLIED.** In a prosecution for obtaining the signature of the prosecutor to a receipt (which, under our statute, is the subject of forgery), by false pretenses, the indictment charged that the defendant went to the prosecutor and pretended that he had come to pay a debt due from him to the prosecutor, and that by reason of such false pretense the prosecutor was induced to execute a receipt to the defendant for the amount of the debt, which the defendant took into his possession and carried away without the consent of the prosecutor, and without paying him any part of the debt. The indictment further alleged that defendant did not come to pay the the prosecutor as pretended. *Held*, that the indictment was sufficient. WRIGHT, J., dissenting.

27 273
113 702
27 273
127 418

*Appeal from Dubuque District Court.*

TUESDAY, JUNE 15.

DEFENDANT was indicted for the crime of cheating by false pretenses, and demurred to the indictment. The demurrer was sustained. The State appeals.

*Henry O'Connor*, Att'y-Gen'l, for the State.

No appearance for the appellee.

BECK, J.—The indictment charges the crime in the following words: " The said C. E. Dowe heretofore, etc., at, etc., designedly and by false pretense, and with intent to defraud one Nicholas Hunsen, did, etc., designedly and falsely pretend to said Hunsen that he, the said Dowe, had come to pay the said Hunsen twenty dollars, a debt due the said Hunsen from the said Dowe, and the said Hunsen believing the said false pretenses and representations so made, as aforesaid, etc., and being deceived thereby, was induced, by reason of the false pretenses and representations so made, to sign a receipt for the payment of the said sum of twenty dollars, which said receipt was of the tenor following : (giving copy of receipt), which said receipt the said Dowe took into his possession and carried away, without the consent of said Hunsen, and did not pay said Hunsen the twenty dollars, or any other sum." The indictment further alleged that defendant " had not come to pay said Hunsen twenty dollars or any other sum."

1. CRIMINAL LAW : false pretense : promise.

The statute under which the indictment is presented is as follows: " If any person designedly and by false pretense, or by any privy or false token, and with intent to defraud, obtain from another any money, goods or other property, or so obtain the signature of any person to any written instrument, the false making of which would be punished as forgery, he shall be punished," etc. Rev. § 4394.

The false making of the receipt would be an indictable offense, and is classed as forgery by the statute. Rev. ch. 168. The demurrer to the indictment, however, raises no such question. The objection presented by the

The State v. Dowe.

demurrer is, that the pretense set forth in the indictment was not of a nature to deceive or defraud, under the statute, and was a false promise and not a misrepresentation. This seems to have been the view taken by the court below. It is true that a false promise will not sustain the charge of crime for which punishment is provided in the statute above quoted. It must be a pretense, a representation in fact, that is false, and this must be relied upon by the party who, it is charged, was defrauded; upon this point no objection is made to the indictment. But the fact that a promise is combined with the false pretense does not take away the criminal character of the act. If the pretense and promise blend together and jointly act upon the defrauded person, whereby he is induced to give faith to the pretense, the case is within the statute. 2 Bishop's Crim. Law, §§ 348, 352. In the case before us, the pretense was the act of coming, and the averment that defendant had come, to pay the money. These, doubtless, implied a promise to pay, otherwise they could not have operated upon the mind of the party defrauded to induce him to make and sign the receipt. The act of the defendant in coming to the other party, proclaiming his intention and purpose to pay the money, is readily distinguishable from a promise so to do. A pretense may be gathered from the acts and conduct of a party. 2 Bishop's Crim. Law, § 355; see *The Commonwealth* v. *Drew*, 19 Pick. 179. And it was the acts and conduct of the party as charged in the indictment that constituted the pretense. Their fraudulent and false character, and that the defrauded party was deceived thereby, and other ingredients of the crime, are sufficiently averred. In our opinion the demurrer should have been overruled.

Reversed.

WRIGHT, J. (dissenting).—In my opinion the indictment fails to show any *criminal false pretense*, either at common law or under the statute.   The demurrer was therefore well taken.