Carson v. Jansen.

JOHN LIND CARSON ET AL., APPELLANTS, V. MAY JANSEN ET AL., APPELLEES.

FILED JULY 1, 1902.   No. 11,927.

Commissioner's opinion, Department No. 2.

1. **Supersedeas: JUDICIAL DISCRETION.** In cases not within the purview of section 677, Code of Civil Procedure, the district court may, in its discretion, allow a supersedeas upon conditions which it determines to be proper or necessary for the protection of the parties.

2. ——: ——: AMOUNT: CONDITIONS: APPROPRIATE PROCEDURE. In such cases the district court should fix not only the amount of the supersedeas bond but the conditions thereof; and if it does not, the party seeking a supersedeas should proceed in the appropriate manner to obtain an order fixing such conditions.

3. ——: CONDITION: CREDITOR'S SUIT: SUCCESSFUL DEFENDANT. A supersedeas bond conditioned to pay costs and abide the result of an appeal, is not sufficient to prevent a successful defendant in a creditors' suit brought to set aside an assignment of a judgment from proceeding to collect the judgment, where no provisions as to the conditions of the bond were made in the order of the district court.

4. **Appeal: JURISDICTION: SUPERSEDEAS NOT PROVIDED BY STATUTE: DISCRETION OF SUPREME COURT.** After obtaining jurisdiction of a cause by appeal, the supreme court may, in its discretion, allow a supersedeas in cases not provided for by statute, upon such terms as it may prescribe.

5. **Independent Action for Injunction in Aid of Cause Pending.** An

independent action for an injunction in aid of a cause already pending, is not maintainable where adequate relief may be had by motion in the original cause.

APPEAL from the district court for Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*Jefferson H. Broady,* for appellants.

*Tibbets Bros., Morey & Anderson, contra.*

POUND, C.

Appellants had brought a suit against appellees to set aside an assignment of a judgment from defendant Murphy to defendant May Jansen, as being in fraud of creditors, and to subject the judgment and its proceeds to payment of a judgment which appellants held against said Murphy. Upon decree for the defendants in that suit an appeal was taken. In furtherance of that appeal, appellants procured an order of the district court fixing the amount of a supersedeas bond "to stay proceedings until the plaintiffs can review the judgment herein in the supreme court on appeal or error." Said order made no provision as to the conditions of the bond. A bond was given in the prescribed amount, conditioned that the appellants pay costs and abide the result of the appeal. Pending proceedings in the supreme court, the defendant May Jansen issued execution on the judgment in dispute and was threatening and about to collect it, when appellants brought the present suit to enjoin her from so doing, and to maintain the *status quo* pending their appeal. Upon hearing, a decree was rendered for the defendants, which is now before us.

If the supersedeas bond given in the original suit were sufficient to prevent the defendant May Jansen from proceeding to collect the judgment assigned to her, it would probably follow that an injunction could be had to prevent violation of the supersedeas and protect the rights of appellants pending their appeal. *Nix v. Gilmer,* 5 Okla., 740, 50 Pac. Rep., 131. But we do not think the

bond filed had that effect. The original suit between these parties was not one of those provided for in section 677, Code of Civil Procedure. The decree does not dissolve or modify an order of injunction, so as to come within the fourth subdivision of that section, and appellants seem to have relied on the doctrine of *lis pendens* to prevent acquisition of rights in the judgment pending their suit. In cases not within the purview of the statute, the district court may, in its discretion, allow a supersedeas upon conditions which it determines to be proper or necessary for the protection of the parties. *Cooperrider v. State*, 46 Nebr., 84; *Home Fire Ins. Co. v. Dutcher*, 48 Nebr., 755; *Penn Mutual Life Ins. Co. v. Creighton Theatre Bldg. Co.*, 51 Nebr., 659, 54 Nebr., 228. Accordingly it was proper for the district court to make the order it did. But it should have done more. In cases of this kind it should fix not only the amount of the supersedeas bond, but the conditions thereof. *Home Fire Ins. Co. v. Dutcher*, 48 Nebr., 755, 763. These conditions are often no less important for protection of the parties than the amount of the bond. They ought not to be left to the judgment or the honor of the appellant. If the district court does not fix them, the party seeking supersedeas should bring the matter to the court's attention, and proceed in some appropriate manner to have the conditions of the bond prescribed. In the case at bar it is obvious that a bond conditioned as the one given by the appellants is not adequate and would operate most unjustly to the appellee May Jansen if permitted to have the effect claimed for it. Her judgment might have been lost or greatly impaired in value by inability to collect it pending the appeal, and yet she would have had no recourse upon the bond for her damages. Unless the district court had determined that such a bond would be sufficient, and allowed a supersedeas upon a bond so conditioned, it clearly would be unjust and inequitable to permit such a result. It has been held repeatedly that a statutory supersedeas bond is of no force unless it contains the conditions prescribed by law.

*State v. Ramsey,* 50 Nebr., 166; *Dovey v. McCullough,* 60 Nebr., 376. For the same reasons, a bond given under an order of court should contain the conditions prescribed by the order; and if none have been prescribed, there can be no supersedeas. Appellants were not without remedy. Before filing their transcript in this court they could have brought the matter to the attention of the district court, obtained the proper order and filed the proper bond. Upon filing their appeal, they might have applied to this court. After obtaining jurisdiction of a cause by appeal, the supreme court may, in its discretion, allow a supersedeas in cases not provided for by statute, upon such terms as it may prescribe. *Home Fire Ins. Co. v. Dutcher, supra.* Counsel contends that the injunction suit was proper to preserve the *status quo* pending appeal under section 251, Code of Civil Procedure. But this can not be admitted so long as there was a plain and adequate remedy by motion for a supersedeas. An independent action for an injunction in aid of a cause already pending, is not maintainable where adequate relief may be had by motion in the original cause. *Hamer v. Kane,* 7 Nev., 61, 64; *Faison v. McIlwaine,* 72 N. Car., 312. In *Hamer v. Kane* the court say: "When the injunction is sought as auxiliary to an action already commenced, and the end to be obtained by it can be as completely accomplished by motion, upon the clearest principles of equity practice, a new suit instituted simply for such injunction can not be sustained. To allow it would be to encourage useless litigation and unnecessary expense. As the plaintiffs could have obtained complete relief and protection from the threatened injury by motion in the actions in which the appeals were taken, this suit was entirely unnecessary."

We recommend that the decree be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons set forth in the foregoing opinion, the judgment of the district court is

AFFIRMED.