ROBERT KUJALA, APPELLANT, v. CHARLES HEADLEY, HALL
COUNTY SHERIFF, APPELLEE.

225 N. W. 2d 25

Filed January 16, 1975.   No. 39385.

Robert E. Paulick, for appellant.

Sam Grimminger, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON,
CLINTON, and BRODKEY, JJ., and COLWELL, District Judge.

McCown, J.

This is a habeas corpus action instituted in the District Court for Hall County, Nebraska, by Robert Kujala against the defendant, Charles Headley, sheriff of Hall County, Nebraska. The action is to resist an effort to extradite the plaintiff from the State of Nebraska to the State of Tennessee to answer a charge of removing mortgaged property from the state without consent. The District Court denied plaintiff's petition for the writ of habeas corpus. Plaintiff has appealed from an order overruling a motion for new trial.

The plaintiff, Robert Kujala, while a resident of Tennessee, mortgaged two automobiles to the Williamson County Bank of Franklin, Tennessee, to secure payment of a debt to that bank. On or about January 15, 1973, the plaintiff moved to Grand Island, Nebraska, and brought the automobiles to this state. At the time of the removal of the cars, the mortgage loan was delinquent and the approximate amount due was $2,000. On March 26, 1973, a state warrant was issued from Williamson County, Tennessee, alleging that Robert Kujala had been charged with the offense of removing mortgaged property from the state without permission. After demand by the Governor of the State of Tennessee on the Governor of Nebraska, an arrest warrant was issued by the State of Nebraska, under the signature of the Governor, on June 12, 1973, directed to the sheriff of Hall County, Nebraska, the defendant here. The plaintiff was arrested on that warrant. After the plaintiff's arrest, both of the automobiles were returned to the Williamson County Bank in Tennessee by the plaintiff's wife. This habeas corpus proceeding followed.

The plaintiff's assignments of error charge that the complaint against him does not charge a crime under the statutes of Tennessee; that there is insufficient evidence he was a fugitive from justice; and, finally and primarily, that the motives and purposes of the extradition proceeding were improper and the proceeding was

being used solely to enforce a civil liability. In support of those contentions the plaintiff introduced evidence to establish that the affidavit upon which the Tennessee state warrant was issued was signed by one Lowell Martin, who was an employee of both the Williamson County Bank and the Williamson County, Tennessee, sheriff's department. The evidence tended to establish that Martin represented to the plaintiff that if plaintiff paid the sum owing, Martin would recommend that the charges be dropped, and that if the amount owing was paid, the Tennessee judge would probably dismiss the case.

The District Court for Hall County, Nebraska, after hearing, found that an offense was charged under the laws of Tennessee; that the plaintiff relator was the person charged, and was a fugitive from justice; and also found that the extradition was not for the purpose of enforcing a civil liability. This appeal followed the dismissal of the petition for habeas corpus and the overruling of the motion for new trial.

The case of Gorgen v. Tomjack, 160 Neb. 457, 70 N. W. 2d 514, is directly in point on virtually all issues and is controlling here. That case held the fact that a criminal complaint was filed against the petitioner in the demanding state is prima facie evidence he was there charged with a crime; and that if he contends otherwise, the burden is on him to maintain his position by producing the statute of the demanding state. Gorgen also held it is not necessary, in order that one be a fugitive from justice, he shall have left the demanding state for the purpose of avoiding prosecution, but simply that, having committed an act charged to be a crime under the laws of that state, he has left that jurisdiction and is found in another state. The issuance of a warrant of extradition creates a presumption that the prisoner detained under it is a fugitive from justice.

In answer to the contention that the extradition was not made in good faith and that it was, in fact, made for the purpose of collecting a debt, this court said in the

Gorgen case: "We are in accord with the view that extradition proceedings should not be used at the instance of a private person to gratify his malice or to aid him in the collection of a debt. It is not a matter, however, which the courts of the asylum state may properly inquire into." Where a warrant of extradition is sought for the collection of private debts, it is within the discretionary power of the Governor of a state to refuse to issue it. If the Governor of the asylum state issues a warrant of rendition, it is the general rule that at a court hearing on habeas corpus it is not proper to hear evidence upon, or inquire into, the motives or purposes of the prosecution, or into the motives of the Governor of the demanding state. Gorgen v. Tomjack, *supra*. See, also, Annotation, 94 A. L. R. 1493.

The motives behind extradition are open to inquiry by the demanding state. It is also within the power of the Governor of the asylum state to inquire into such motives, but his inquiry is final and not subject to review by the courts. Here the Governor of Nebraska has honored the requisition from the Governor of Tennessee, and signed a Nebraska state warrant for the extradition of the plaintiff. Under such circumstances, there is no foundation upon which this court may inquire into the motives or purposes of the prosecution.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.