FRANK R. WEST, APPELLANT, V. THEODORE JANING, SHERIFF, DOUGLAS COUNTY, NEBRASKA, APPELLEE.

274 N. W. 2d 161

Filed January 17, 1979. No. 42136.

James P. Linn and B. J. Rothbaum, Jr., of Linn, Helms, Kirk & Burkett, David S. Lathrop of Lathrop, Albracht & Swenson, and Thomas J. Cahill of Nelson & Cahill, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH,

McCown, Clinton, Brodkey, and White, JJ., and Blue, District Judge.

Clinton, J.

This is a habeas corpus action commenced in the District Court for Douglas County against the sheriff of that county. The action is in resistance to a warrant of extradition issued by the Governor of the State of Nebraska upon a requisition by the Governor of Iowa. The requisition is based upon an Iowa grand jury indictment charging the petitioner West with obtaining property under false pretenses. After the introduction of evidence and hearing, the District Court for Douglas County denied the relief requested by the petitioner and he appeals to this court.

The petitioner asserts that the District Court committed error of constitutional magnitude in denying him relief, because the record indisputably establishes that the State of Iowa is constitutionally barred from trying West and is therefore also barred from depriving him of his liberty by extraditing him. The assignment is founded upon the three following propositions: (1) The evidence shows that, in a previously commenced prosecution for the same offenses (later dismissed by the State of Iowa without prejudice), the State of Iowa deprived West, over his objection, of his statutory and constitutional right to a speedy trial. (2) In the pending prosecution the State of Iowa is attempting to prosecute him for transactions which were not crimes under Iowa law at the time the prosecution commenced, and became such only through a retroactive interpretation by the Iowa Supreme Court of section 713.1, Iowa Code, after an appeal by the state from the dismissal of the charges against West by the trial court. State v. West, 252 N. W. 2d 457 (Iowa, 1977). The pending prosecution in Iowa is, therefore, in effect a prosecution under an ex post

facto law and deprives West of his constitutional rights under the Fourteenth Amendment to the Constitution of the United States. Bouie v. City of Columbia, 378 U. S. 347, 84 S. Ct. 1697, 12 L. Ed. 2d 894. (3) It follows from the foregoing that, since an ex post facto law is no law at all, the record shows the defendant West has not been "charged" with an offense within the meaning of Article IV, section 2, of the Constitution of the United States and the pertinent provisions of the Uniform Criminal Extradition Act of the State of Nebraska.

We decline to determine the speedy trial issue. In Wise v. State, 197 Neb. 831, 251 N. W. 2d 373, we said that whether or not the state demanding extradition has violated the right of a fugitive to a speedy trial is a question for that state to determine. It is presumed that the demanding state will recognize any well-founded claims of a violation of the petitioner's constitutional rights.

Since the original draft of this opinion was prepared, the Supreme Court of the United States has released its opinion in Michigan v. Doran, ____ U. S. ____, 99 S. Ct. 530, 58 L. Ed. 2d 521. That case makes it clear that the court of the asylum state has no authority under the Constitution of the United States to determine such issues. The Supreme Court there said: "Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable. . . . We hold that once the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that prob-

able cause existed, no further judicial inquiry may be had on that issue in the asylum state."

It is not absolutely clear that the Supreme Court's opinion in Doran precludes this court from considering the petitioner's second contention under the facts here. It is clearly our duty to determine whether or not the requisition and its attachments charge a crime under the laws of the demanding state. Austin v. Brumbaugh, 186 Neb. 815, 186 N. W. 2d 723; State of Kansas v. Holeb, 188 Neb. 319, 196 N. W. 2d 387; §§ 29-731, 29-734, 29-738, R. R. S. 1943. See, also, State v. Ritter, 74 Wis. 2d 227, 246 N. W. 2d 552; Michigan v. Doran, *supra*. However, whether we should do more than merely determine that the indictment or information charges a crime under the statutes of the demanding state is not made certain by Doran. We therefore examine West's allegation that the record clearly and conclusively establishes that West is not "charged" with a crime under the law of the State of Iowa.

Section 713.1, Iowa Code, for violation of which West was indicted, insofar as is pertinent, reads as follows: "If any person designedly and by false pretense, or by any privy or false token, and with intent to defraud, obtain from another any money, goods, or other property, . . . shall be imprisoned. . . ." The various informations pled that between certain dates: "The said Frank R. West obtained cattle from (a named person) of (a certain town), Iowa, by means of false pretenses." Pursuant to Iowa practice, bills of particulars were demanded and filed which, briefly summarized, allege that West was an officer of American Beef Packers (hereinafter ABP) which purchased cattle from owners pursuant to "grade and yield" contracts under which no cash changed hands at the time of delivery by the seller as payment was made after grade and yield had been determined. The theory of the prosecution was that West knew when the purchases were made that ·

ABP was insolvent and that checks issued by ABP in payment for the cattle would not be paid when presented; and West made an implied representation at the time of purchase that funds were or would be available when he knew otherwise.

The trial judge determined that the information as amplified by the bill of particulars did not state crimes under Iowa law and dismissed the information before trial. The State of Iowa appealed from the dismissal and the Supreme Court of that state reversed and remanded the cause for trial. State v. West, *supra*. In that case, the Iowa Supreme Court held that under section 713.1, Iowa Code, a promise to perform a future act made with the intent not to perform it is sufficient to support a charge of obtaining property by false pretenses, that a misrepresentation may be made by words or actions, and that failure to disclose a material fact may be a misrepresentation.

West asserts the opinion of the Iowa Supreme Court is a judicial "expansion" of section 713.1, Iowa Code, and is contrary to the court's previous holdings that a promise to perform an act in the future made with an intent not to perform does not constitute a misrepresentation under section 713.1. It is, therefore, he contends, "an unforeseeable judicial enlargement of a criminal statute, applied retroactively," which the Supreme Court of the United States has held is impermissible under the Fourteenth Amendment to the Constitution of the United States. Bouie v. City of Columbia, *supra*. Bouie does stand for the proposition for which it is cited. The question to be answered is whether it is sufficiently clear that the Iowa court did, in State v. West, *supra*, make an unforeseeable judicial enlargement of section 713.1, Iowa Code, so that we must hold the instruments of extradition do not show West is substantially charged with having committed a crime under Iowa law.

West quotes certain portions of the opinion in State v. West, *supra*, which, read by themselves, would indicate the Iowa court recognized it was in fact enlarging the statute contrary to its prior precedents and was not construing the statute for the first time with regard to the issues at hand. However, when one reads the whole opinion and examines some of the precedents therein mentioned, it is at least doubtful a retroactive enlargement of the statute was being accomplished. On the contrary, it is rather clear a determination of a previously undecided point was being made, and that the situation in State v. West, *supra*, was not covered by prior precedent, except possibly by assumption or dicta. The Iowa court prefaced its review of various prior opinions by noting: "[T]he cases failed to base the results on the issue discussed here, . . . None of the cases hold a charge or conviction of false pretenses invalid because of a failure to allege or prove a misrepresentation of past or existing fact, although the premise appears in the text of the opinions."

Some of the cases reviewed by the Iowa court in fact upheld false pretense charges and convictions where the only misrepresentation was one of present intention. State v. Dowe, 27 Iowa 273 (1869), is such a case. There it was contended that the facts pled showed a mere false promise and not a "misrepresentation." The charge involved the procuring of a signature on a receipt by the false pretense of an implied promise to pay. The court there said: "In the case before us, the pretense was the act of coming, and the averment that defendant had come, to pay the money. These, doubtless, implied a promise to pay, otherwise they could not have operated upon the mind of the party defrauded to induce him to make and sign the receipt. The act of the defendant in coming to the other party, proclaiming his intention and purpose to pay the money, is readily distinguishable from a promise so to do. A pretense

may be gathered from the acts and conduct of a party." The false representation in that case was the undisclosed intention not to pay.

Another early Iowa case discussed in State v. West, *supra*, is State v. Foxton, 166 Iowa 181, 147 N. W. 347 (1914). That case involved a prosecution under the false pretense charge which grew out of the giving of a no-account check. In its discussion of Foxton, the Iowa Supreme Court said: "[T]his court found that the representation of a personal check implied that defendant had the ability to pay, sustaining a false pretenses charge."

The court also discussed State v. Huckins, 212 Iowa 283, 234 N. W. 554 (1931), in which it was held that "intention or knowledge" is a fact regarding which one may make a false pretense and "One's representation that he has actual knowledge may be inferred from the circumstances as may the intent." In that case the holding was related to the propriety of an instruction which in effect took away from the jury the determination of whether the defendant spoke from a personal knowledge and intended to be so understood, or whether, being without personal knowledge, he honestly believed the representations were true, in which case he would not be guilty under Iowa law.

After discussion of the precedents, the court concluded that the allegation the "defendants solicited orders for cattle, entered into a contract for the purchase of the same at a stated price and accepted delivery of them . . . implied the [representation of an] intent to pay for the cattle . . . when . . . the allegations made by the State in the indictments, if proven, would justify a jury in concluding the defendants had no intention to pay for the cattle," and remanded the West case for trial on the merits.

The rationale of Bouie v. City of Columbia, *supra*, is that a retroactive enlargement by judicial interpretation, contrary to previous precedent, of a stat-

ute defining a crime is in effect similar to an ex post facto statute because it fails to give fair warning the act in question is criminal. It is largely mythical to assume that persons who commit crimes consult the criminal code before acting, but if in this case it had been done and prior judicial precedents considered, the accused should have been warned the act of purchasing cattle and impliedly representing that payment was to be made while intending not to pay, might constitute a crime. As we read the Iowa precedents discussed, it is doubtful the interpretation of section 713.1, Iowa Code, in State v. West, *supra*, did constitute a departure from prior precedent. We believe, therefore, as a matter of policy, we ought not to determine the constitutional issue.

The question before us is analogous to that which is present when a contention is made that the statute of the demanding state which defines the crime is unconstitutional. Unless in such cases the statute has been found unconstitutional by either the court of last resort of the demanding state or the Supreme Court of the United States, the asylum state should not assume the determination of constitutionality. In Denton v. Cronin, 187 Colo. 247, 529 P. 2d 644, the Supreme Court of Colorado held the accused could not avoid extradition to a sister state on the ground the law of that state was unconstitutional; comity required the accused to test the constitutionality of the statutes of the sister state in the courts of that state and, if unsuccessful there, then in the appropriate federal courts.

AFFIRMED.