STATE OF NEBRASKA EX REL. GARY B. PARTIN, APPELLANT AND CROSS-APPELLEE, V. LESTER L. JENSEN, SHERIFF OF DAWES COUNTY, NEBRASKA, APPELLEE AND CROSS-APPELLANT.

279 N. W. 2d 120

Filed May 15, 1979. No. 42278.

Charles A. Fisher and David E. Veath, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is a habeas corpus action challenging the extradition of the petitioner, Gary B. Partin, to the State of California on two counts of child abduction. The county court of Dawes County quashed the writ of habeas corpus and the District Court affirmed the judgment. The petitioner has appealed, and the respondent has cross-appealed as to the granting of bail on appeal.

Petitioner, Gary B. Partin, and Grace Marie Partin were divorced on July 29, 1975, in Garfield County, Colorado. The divorce decree granted custody of the two minor children of the parties to the wife, with visitation rights to the husband. In April 1976, petitioner became a resident of Chadron, Dawes County, Nebraska, and thereafter Grace Marie Partin became a resident of California. The Colorado court amended the divorce decree on November 10, 1976, and granted petitioner the right to have the children visit at his residence for 1 month each year when the children were not in school.

Pursuant to the divorce decree, and with the consent of his former wife, petitioner went to California

and on June 26, 1977, took the children from California to his residence in Nebraska for the 1-month visitation. He did not return the children to California.

In September 1977, a felony complaint was filed in California, and on November 14, 1977, an amended felony complaint was filed, charging petitioner with two counts of violation of section 278.5, California Penal Code. Section 278.5 provides: "Every person who in violation of a custody decree takes, retains after the expiration of a visitation period, or conceals the child from his legal custodian, and every person who has custody of a child pursuant to an order, judgment or decree of any court which grants another person rights to custody or visitation of such child, and who detains or conceals such child with the intent to deprive the other person of such right to custody or visitation shall be punished by imprisonment in the state prison for a period of not more than one year and one day or by imprisonment in a county jail for a period of not more than one year, a fine of not more than one thousand dollars ($1,000), or both."

The amended complaint charged that the petitioner, on or about September 6, 1977, did "take, retain after the expiration of a visitation period and conceal a child, to wit: Jonathan Partin, from his legal custodian, in violation of a custody decree." Count II set out a charge of the same offense with respect to Chasen Partin. An affidavit detailing the facts upon which the complaint was issued was attached. An application for requisition for the arrest and extradition of petitioner was filed and the Governor of California issued a requisition for arrest and extradition on December 31, 1977. On January 17, 1978, the Governor of Nebraska issued a warrant for the arrest and extradition of the petitioner. On March 1, 1978, petitioner was taken into custody pursuant to the warrant and on the same date filed

his petition for writ of habeas corpus.

At the hearing on that date the petitioner testified that he was not present in the State of California on September 6, 1977; that he was divorced pursuant to a Colorado divorce decree; and that there was no complaint against him for any crime in Colorado. He also alleged and testified he was not a fugitive from justice, had been a resident of Dawes County, Nebraska, for almost 2 years, and the complaint was so vague and uncertain that it did not charge a crime. Authenticated documents were introduced in evidence to establish compliance with requirements for extradition under the Uniform Criminal Extradition Act.

On March 15, 1978, the county court of Dawes County held that petitioner was not entitled to relief and quashed the writ of habeas corpus. Petitioner appealed to the District Court and was released on his own recognizance. On June 28, 1978, the District Court for Dawes County affirmed the judgment of the county court quashing the writ of habeas corpus and admitted petitioner to bail pending appeal to this court. The petitioner has appealed, and the respondent has cross-appealed as to the granting of bail on appeal.

Petitioner's principal contention is that the California legislation under which he was charged was not effective until July 1, 1977. He contends that because he took the children from California on June 26, 1977, and was not in the State of California on September 6, 1977, he committed no criminal act within the state and therefore cannot be a fugitive from justice nor subject to extradition. In effect his argument is that section 278.5 of the California Penal Code, as applied to him, would be ex post facto.

The fatal defect in petitioner's argument is that section 278.5 of the California Penal Code became effective on January 1, 1977, rather than on July 1, 1977. The particular section under which petitioner

was charged was a part of Chapter 1399, Cal. Stats. of 1976, designated section 11 of Chapter 4, which was approved by the Governor on September 30, 1976, and became operative on January 1, 1977, although other portions of Chapter 1399 did not become operative until July 1, 1977. There was no ex post facto problem here.

In Michigan v. Doran, 439 U. S. 282, 99 S. Ct. 530, 58 L. Ed. 2d 521, just released, the Supreme Court of the United States said: "Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." See, also, West v. Janing, 202 Neb. 141, 274 N. W. 2d 161. In the case now before us the requisite facts are established by the record and the writ of habeas corpus was properly quashed.

On cross-appeal, it is contended that the District Court had no power to grant bail to the petitioner during the pendency of the appeal in this habeas corpus proceeding. The respondent and cross-appellant relies primarily upon In re Application of Campbell, 147 Neb. 382, 23 N. W. 2d 698. That case was decided in 1946 and held that a fugitive from justice who is in custody by virtue of a rendition warrant issued by the Governor in an extradition proceeding, and has been denied release in a habeas corpus proceeding, may not be admitted to bail pending appeal. The Campbell case affirmed a denial of bail by the District Court and was in accord with the then general rule that in the absence of a statute authorizing bail, bail may not be granted for a prisoner held under a warrant of rendition in an extradition proceeding. See, 35 C. J. S., Extradition, § 19, p. 445; Annotation, 63 A. L. R. 1460, at p.

1502; Annotation, 143 A. L. R. 1354, at p. 1361.

At the time of the Campbell case some states had treated the granting of bail pending appeal in habeas corpus arising out of an extradition proceeding as being authorized under constitutional and statutory provisions dealing with bail generally. See Winnick v. Reilly, 100 Conn. 291, 123 A. 440. The United States Supreme Court in Wright v. Henkel, 190 U. S. 40, 23 S. Ct. 781, 47 L. Ed. 948, stated: "We are unwilling to hold that the Circuit Courts possess no power in respect of admitting to bail other than as specifically vested by statute, or that, while bail should not ordinarily be granted in cases of foreign extradition, those courts may not in any case, and whatever the special circumstances, extend that relief." The Campbell case considered that language dictum and affirmed the denial of bail on the ground the government would be seriously embarrassed if the accused failed to appear as agreed and the government could not meet its obligation to surrender the accused to the extraditing state.

Federal courts have consistently followed the doctrine of Wright v. Henkel, *supra*, that courts have the inherent power to consider the propriety of bail under special circumstances in the light of modern concepts of fundamental fairness, even though there is no statute specifically authorizing bail. Even in a recent line of international extradition decisions, bail has generally been granted during the completion of pending proceedings despite the lack of any specific statute. See West v. Janing, 449 F. Supp. 548, at p. 552, and cases there cited.

Some states have held that since habeas corpus is a civil proceeding and general statutes provide for a supersedeas bond on appeal in civil cases, a petitioner charged with a bailable offense in an extradition proceeding may be admitted to bail during the pendency of the habeas corpus proceeding at the dis-

cretion of the court. See Ruther v. Sweeney, 137 N. E. 2d 292 (Ohio App.).

Section 29-2823, R. R. S. 1943, provides in part: "The proceedings upon any writ of habeas corpus shall be recorded by the clerk and judges respectively, and may be reviewed as provided by law for appeal in civil cases."

Section 25-1916, R. R. S. 1943, provides for supersedeas bond in civil cases and specifies the terms and conditions of such supersedeas bonds in various kinds of judgments, decrees, or final orders. This court has held that the trial court may, in its discretion, grant supersedeas in cases not specified in section 25-1916, R. R. S. 1943, in such an amount and on such conditions as the court determines necessary, and that an absolute right to supersedeas does not exist except when it is allowable under the express provisions of section 25-1916, R. R. S. 1943. Hall v. Hall, 176 Neb. 555, 126 N. W. 2d 839; Carson v. Jansen, 65 Neb. 423, 91 N. W. 398.

Nebraska statutes authorize the court to grant bail to an accused in an extradition proceeding prior to the issuance of the governor's warrant. §§ 29-744 and 29-745, R. R. S. 1943. Statutes also authorize admission to bail in a habeas corpus proceeding on appeal by the State. § 29-2823, R. R. S. 1943. Those statutes do not specifically authorize a petitioner who has been denied release in a habeas corpus proceeding challenging extradition to be admitted to bail pending appeal.

Modern notions of due process and fundamental fairness demand that a citizen should not arbitrarily be denied bail solely because there is no statute specifically authorizing the granting of bail. Obviously there is no absolute right to bail in an extradition case. The inherent power of a court may be exercised as to bail although it is not specifically vested by statute. An automatic arbitrary denial of bail to an accused who attempts to appeal an order re-

manding him to custody for delivery to an extraditing state effectively destroys the right of appeal granted to him by statute. To place extradition between states of the United States on the same plane as extradition between international governments where "serious embarrassment" to a government outweighs an individual's loss of liberty and a right of appeal is neither just nor reasonable.

In a habeas corpus proceeding challenging extradition, in the absence of specific statutory authorization, the trial court or the District Court has the power, in its discretion, to grant bail during the pendency of the proceedings, including an appeal to this court, in the same cases and under the same terms and conditions authorized by statute in preliminary extradition proceedings or in other habeas corpus proceedings. To the extent In re Application of Campbell, 147 Neb. 382, 23 N. W. 2d 698, is in conflict, it is overruled.

The judgment of the District Court was correct in all respects and is affirmed.

AFFIRMED.