GLEN D. SINGLETON, APPELLANT, V.
DALE ADAMS, APPELLEE.

THOMAS W. ANTHONY, APPELLANT, V.
DALE ADAMS, APPELLEE.

298 N.W.2d 369

Filed November 7, 1980.  Nos. 43219, 43220.

Stephen K. Yungblut of Rosenberg & Yungblut for appellants.

Paul L. Douglas, Attorney General, and Terry R. Schaaf for appellee.

Heard before BOSLAUGH, MCCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and BURKHARD, District Judge.

BOSLAUGH, J.

The petitioners, Glen D. Singleton and Thomas W. Anthony, were arrested on warrants issued by the Governor of Nebraska pursuant to extradition proceedings from the State of Wisconsin. The petitioners then filed separate petitions for writs of habeas corpus. After an evidentiary hearing, the trial court found that the detention of the petitioners was legal and dismissed the petitions. The petitioners appeal.

The record shows that each of the petitioners was sentenced to imprisonment in Wisconsin for 10 years for robbery on November 23, 1970. Singleton was released on parole on November 25, 1974, and charged with violating his parole on September 27, 1977. Anthony was released on parole on December 7, 1976, and charged with violating his parole on March 8, 1977. Warrants for their arrest were issued in Wisconsin on that date. The petitioners were arrested on the Governor's warrants upon their release from the Nebraska Penal and Correctional Complex on August 14, 1979.

The petitioners allege their detention is unlawful because the Nebraska Governor's warrants and supporting documents do not establish probable cause for their arrest. The petitioners contend the warrants are defective because the circumstances surrounding the alleged violations of parole are not shown in the supporting documents and it does not appear that the Wisconsin warrants for parole violation were issued based upon probable cause.

Under Neb. Rev. Stat. § 29-731 (Reissue 1979), a demand for extradition which includes a copy of a judgment of conviction or a sentence imposed thereon, together with a statement by the executive authority of the demanding state that the person claimed has broken the terms of his parole, is sufficient. *Austin v. Brumbaugh*, 186 Neb. 815, 186 N.W.2d 723 (1971).

Generally, a claim by a petitioner that the demanding state has violated his constitutional right is a matter to be determined by the courts of the demanding state. *Wise v. State*, 197 Neb. 831, 251 N.W.2d 373 (1977). See, also, *Ingram v. Dodd*, 243 Ga. 788, 256 S.E.2d 778 (1979); *Morgan v. Miller*, 197 Colo. 341, 593 P.2d 357 (1979).

The judgments of the District Court are affirmed.

AFFIRMED.