WILLIAM A. SCAGGS, APPELLEE, V. ROBERT D. MILLER, SHERIFF OF YORK COUNTY, APPELLANT.

375 N.W.2d 140

Filed October 25, 1985. No. 84-947.

Vincent Valentino, York County Attorney, and Charles W. Campbell, for appellant.

Toney J. Redman, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Robert D. Miller, as respondent and sheriff of York County, appeals the decision of the York County District Court granting petitioner, William A. Scaggs, a writ of habeas corpus and quashing a Governor's arrest and extradition warrant issued on June 25, 1984, and filed with the York County Court. We reverse and remand with direction.

On January 31, 1981, Scaggs was indicted by a grand jury in Ross County, Ohio, for the offense of aggravated arson. The indictment was filed and arrest warrant issued on March 13, 1981. In connection with the Ohio warrant, Scaggs was arrested on June 2, 1981, in Durham, North Carolina, but released on bond pending extradition proceedings. On July 28 the Governor of Ohio executed a request for interstate rendition. The Governor of North Carolina issued a Governor's warrant of arrest and extradition on September 11 and promptly informed Ohio concerning the North Carolina warrant. Ohio, without explanation, failed to respond, and, on February 8, 1982, a North Carolina district court dismissed the North Carolina warrant.

After dismissal of the North Carolina warrant, Scaggs left a forwarding address and moved under his own identity from North Carolina to Nebraska. On June 14, 1984, the Governor of Ohio executed a second request for interstate rendition based upon the January 31, 1981, indictment. On June 25 the Governor of the State of Nebraska issued a Governor's arrest and extradition warrant which was then filed in the York County Court. Scaggs filed an application for writ of habeas corpus on August 13.

At an evidentiary hearing on his application, Scaggs was allowed to testify concerning Ohio's failure to transport him from North Carolina pursuant to the arrest and extradition warrant issued in North Carolina. In addition, the district court admitted as evidence numerous papers identified by Scaggs' counsel as the record of the North Carolina proceedings. Miller objected to Scaggs' evidence on grounds of relevancy, but the district court overruled Miller's objections, finding that Scaggs' evidence was relevant to the issue of due process. In granting Scaggs' application and quashing the extradition warrant, the court stated that "[b]y its actions of dilatory, unexplained delay, the State of Ohio has breached the petitioner's Constitutional right of due process and fundamental fairness and has waived jurisdiction of the petitioner."

Miller contends that the district court erred in admitting Scaggs' testimony concerning Ohio's failure to transport him from North Carolina and in ruling that the State of Ohio had

waived jurisdiction over Scaggs. Miller maintains that the district court's order granting Scaggs' application for writ of habeas corpus violates the constitutional right of the State of Ohio to extradite Scaggs pursuant to article IV, § 2, of the U.S. Constitution.

The scope of a habeas corpus action challenging an extradition warrant issued under article IV, § 2, of the U.S. Constitution is controlled by the U.S. Supreme Court's holding in *Michigan v. Doran*, 439 U.S. 282, 289, 99 S. Ct. 530, 58 L. Ed. 2d 521 (1978):

> Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

We have consistently adhered to *Doran* in habeas corpus actions wherein the petitioner has claimed that the demanding state has violated his constitutional rights. In *West v. Janing*, 202 Neb. 141, 274 N.W.2d 161 (1979), we declined to consider a petitioner's claim that the state demanding extradition had violated the petitioner's right to a speedy trial, holding that *Doran* "makes it clear that the court of the asylum state has no authority under the Constitution of the United States to determine such issues." *Id.* at 143, 274 N.W.2d at 162. In *Singleton and Anthony v. Adams*, 207 Neb. 293, 298 N.W.2d 369 (1980), we rejected the petitioner's contention that the Governor's warrants and supporting documents did not establish probable cause, stating that "[g]enerally, a claim by a petitioner that the demanding state has violated his constitutional right is a matter to be determined by the courts of the demanding state." *Id.* at 295, 298 N.W.2d at 370. Prior to *Doran*, we held in *Wise v. State*, 197 Neb. 831, 834-35, 251 N.W.2d 373, 376 (1977), that "[e]xtradition proceedings and habeas corpus review thereof should not be used as a vehicle to challenge acts undertaken by a sister state to enforce its criminal laws."

It is unclear upon what authority the district court admitted

Scaggs' evidence regarding conduct of the North Carolina proceedings. Likewise, it is unclear on what basis the district court determined that Ohio's delay in extraditing Scaggs from North Carolina violated Scaggs' constitutional right of due process or effected a waiver of Ohio's jurisdiction over Scaggs as a result of the extradition proceedings in North Carolina.

In *State ex rel. Partin v. Jensen*, 203 Neb. 441, 447, 279 N.W.2d 120, 123 (1979), regarding conduct of an extradition proceeding, we stated that "[m]odern notions of due process and fundamental fairness demand that a citizen should not arbitrarily be denied bail solely because there is no statute specifically authorizing the granting of bail." In *State ex rel. Partin v. Jensen, supra,* we did not, however, mean to imply that some general notion of due process could be used by a petitioner as a defense in an extradition proceedings, but, in fact, referred to *Michigan v. Doran, supra,* and affirmed the district court's decision to quash the writ of habeas corpus.

It is true, as Scaggs maintains, that some courts have adopted a waiver of jurisdiction theory apparently applied by the district court in the case before us. See, *Shelton v. Ciccone,* 578 F.2d 1241 (8th Cir. 1978); *Shields v. Beto,* 370 F.2d 1003 (5th Cir. 1967). However, these cases involve situations wherein a state sought return of a defendant who had been previously convicted of a criminal offense, was sentenced to imprisonment in the demanding state, but had failed to serve the sentence authorized in the convicting state. Scaggs directs us to no authority applying the waiver of jurisdiction theory in the procedural context involved in the present case.

Scaggs attempts to avoid the clear import of *Michigan v. Doran, supra,* and our holdings in *Singleton and Anthony v. Adams, supra, State ex rel. Partin v. Jensen, supra,* and *West v. Janing, supra,* by arguing that the four-factor list created by the U.S. Supreme Court in *Doran* and adopted by this court in subsequent cases expresses only a general rule which, in a given case, can give way to the need to protect the petitioner's constitutional rights. Scaggs, however, offers no persuasive reason why we should ignore the well-established limitation on the scope of inquiry in habeas corpus review of extradition proceedings. Under the facts of this case, we refuse to adopt an

exception to the rule precluding the petitioner's raising constitutional claims during habeas corpus proceedings in the asylum state.

Accordingly, we reverse the judgment of the district court granting Scaggs' application for a writ of habeas corpus and quashing the Governor's arrest and extradition warrant. We remand these proceedings and direct the district court to dismiss Scaggs' application.

REVERSED AND REMANDED WITH DIRECTION.