STANLEY NASH, APPELLANT, V. ROBERT D. MILLER, SHERIFF OF
YORK COUNTY, APPELLEE.

391 N.W.2d 143

Filed August 1, 1986.   No. 85-671.

George E. Brugh, for appellant.

Vincent Valentino, York County Attorney, and Charles W. Campbell, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

This is an appeal from an order of the district court for York County denying petitioner's application for a writ of habeas corpus. We affirm.

On the morning of March 19, 1985, the residence of J.D. Clegg, Wilson County, Kansas, was burglarized. Taken were numerous items of personal property, including, inter alia, several watches, gold chains, guns, tools, and cash in excess of $1,700. Included in this amount were 10 $100 bills, 9 $50 bills, approximately 100 to 140 $2 bills, and 20 Susan B. Anthony $1 coins.

At approximately 5:30 p.m. on that same day, the petitioner, Stanley Nash, was seen at a truckstop in Belleville, Kansas. Nash exchanged a total of 74 $2 bills for larger currency and purchased cigarettes with 2 Susan B. Anthony coins. He remained at the truckstop for approximately 4 hours while trying to find a ride to York, Nebraska. At 9:40 p.m. Nash left the premises with a semitrailer driver.

The York County sheriff's office was contacted by the Thayer County, Kansas, sheriff's office and was asked to look out for Stanley Nash, who had entered Nebraska on U.S. Highway 81 in a semitrailer and was suspected of burglary. Between 11 and 12 p.m. a deputy sheriff spotted a semitrailer on Highway 81 just south of York, which matched the description given.

The truck pulled over, and a man got out on the passenger side of the vehicle. The deputy sheriff stopped the individual and asked him to identify himself. When the man stated he was Stanley Nash, he was immediately arrested and taken to the sheriff's office. Found in Nash's possession were two bundles of currency, one of which contained nine $50 bills; a gold chain; and a Seiko watch, which was positively identified as belonging to the victim. In addition, the police discovered that Nash paid the truckdriver $20 in Susan B. Anthony coins.

On March 21, 1985, a complaint was filed against the petitioner in Wilson County, Kansas, charging him with burglary, felony theft, and misdemeanor damage to property. On April 11 the Governor of the State of Kansas made requisition for the apprehension of Stanley R. Nash to the Governor of the State of Nebraska. Nebraska Governor Kerrey issued a warrant authorizing the arrest of the petitioner and directing that he be turned over to the Kansas authorities.

Nash filed an application for writ of habeas corpus on May 28. After a hearing petitioner's motion was denied, and he was ordered transferred to the authority of the Wilson County, Kansas, sheriff.

The petitioner urges four assignments of error: (1) The admission into evidence of exhibit 1, the extradition documents, as the trial court failed to review them and make a finding as to whether they were in order; (2) The finding that

there was probable cause to show a crime was committed in the State of Kansas and that the petitioner had possession of the fruits of that crime; (3) The failure of the court to find whether petitioner had been charged with a crime in Kansas; and (4) The failure of the court to find that the petitioner was the person named in the request for extradition and that he was a fugitive.

In reviewing the issuance of a governor's warrant granting extradition, we are governed by the ruling of the U.S. Supreme Court in *Michigan v. Doran*, 439 U.S. 282, 289, 99 S. Ct. 530, 58 L. Ed. 2d 521 (1978).

> Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

See, also, *Scaggs v. Miller*, 221 Neb. 98, 375 N.W.2d 140 (1985).

The petitioner's first argument centers on the trial court's alleged failure to adequately study the extradition documents. We note that the petitioner did not argue this before the district court. Rather, he argued at the hearing that "the documents have not been properly prepared, authenticated or certified according to law." On appeal he contends that careful scrutiny shows a discrepancy in the documents that causes them to be out of order. The requisition from the State of Kansas states that *"[n]o expenses will be paid by this State,"* while the Nebraska warrant calls for the Kansas sheriff to pay "all fees and charges for the arrest . . . ."

Petitioner fails to show how this causes the documents not to be in order. At best, the question of which state pays the expenses is irrelevant. It in no way reflects on the propriety of the extradition documents. Resultingly, whether or not the trial court adequately reviewed the exhibit, the petitioner suffered no prejudice. From our examination of the documents it is apparent that they fully comply with the requirements of law.

The second of petitioner's arguments is that the trial court erred in making a finding of probable cause. It is conceded by the respondent that the court is limited to deciding the factors

laid out in *Michigan v. Doran, supra.* However, the petitioner does not attempt to, and indeed cannot, show any injury resulting therefrom. Rather than being harmed, petitioner was afforded a higher degree of scrutiny than is allowed. As a matter of fact, there was clearly sufficient evidence in the record from which the court could find probable cause both of the occurrence of the crimes and that defendant was the guilty party. This assignment of error is without merit.

The petitioner's third contention is that the court failed to make a finding that he had been charged with a crime in the demanding state. This argument focuses on the fact that the extradition documents refer to Stanley R. Nash, while all court proceedings refer to the petitioner as Stanley Nash. This argument is frivolous. Petitioner at no time contended that he was not the Stanley Nash in question.

The evidence is clear and undisputed that the petitioner was in Kansas on the day of the robbery and that he was positively identified by a cashier from the truckstop in Belleville, by the truckdriver, and by the deputy sheriff. Further, a copy of the complaint filed against him in the State of Kansas shows unequivocally that the petitioner had been charged with a crime.

The fourth and final assignment of error is that the trial court failed to find that the petitioner was the person named in the extradition request and that he was a fugitive. The question of the petitioner's identity as the person charged was dealt with earlier in this opinion. Further, "the fact that a criminal complaint was filed against the petitioner in the demanding state is prima facie evidence he was there charged with a crime; and that if he contends otherwise, the burden is on him to maintain his position by producing the statute of the demanding state." *Kujala v. Headley,* 193 Neb. 1, 3, 225 N.W.2d 25, 26 (1975).

In addition, *Kujala* held that to be a fugitive one need only have left the demanding state after having committed an act charged to be a crime under the laws of that state. The issuance of an extradition warrant creates a presumption that the person sought is a fugitive from justice. The petitioner came forth with no evidence refuting this presumption, and consequently his

final assignment of error is without merit.

The order of the district court is in all respects affirmed.

AFFIRMED.