STATE EX REL. DAVID P. BORRINK, APPELLANT, V.
STATE OF NEBRASKA, APPELLEE.
634 N.W.2d 18

Filed June 26, 2001.   No. A-00-796.

Julianne Dunn Herzog, of Herzog & Herzog, P.C., and Kathy Pate Knickrehm for appellant.

Don Stenberg, Attorney General, and William L. Howland for appellee.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

SIEVERS, Judge.

George W. Bush, then Governor of the State of Texas, asked the Governor of this state to return David P. Borrink to the State of Texas because Borrink was a fugitive from justice. Following his apprehension in Douglas County, Nebraska, Borrink filed a

petition for writ of habeas corpus with the district court for Douglas County. The court denied the writ, and Borrink has appealed to this court.

## ASSIGNMENTS OF ERROR

Borrink brings two assignments of error to this court: (1) The trial court erred in finding that his extradition was permitted under Neb. Rev. Stat. § 29-741 (Reissue 1995) and (2) the trial court erred in denying his writ of habeas corpus.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 1998 in the district court for Williamson County, Texas, 26th Judicial District, there was a "Judgment on Plea of Guilty Before Court, Waiver of Jury Trial - Deferred Adjudication" entered with respect to two counts under Texas law of aggravated assault. Texas' code of criminal procedure allows for a deferred adjudication of guilt. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (2001). This procedure apparently involves a plea of guilty, but a deferment of the adjudication with the opportunity for the charged individual to satisfactorily complete the sentence. After Borrink's guilty plea, the Texas court imposed a sentence which included a term of probation of 10 years, court costs of $256, a $2,500 fine, and 180 days in the county jail, credit given for time served. In our record are the terms of probation which number 24 separate paragraphs. Some of those terms appear to be rather "boilerplate," such as "[w]ork faithfully at suitable employment as far as possible" and "[s]upport your dependents." Others are more unique; for example, paragraph 23 provides, "The defendant, when released to community supervision, shall immediately leave the State of Texas to return to the State of Nebraska. The defendant shall not return to Texas during the term of his supervision except upon order of the 26th District Court." Borrink was to report to the probation officer on the 15th day of each month as directed, with the first reporting date to be by June 15, 1998, and he was to allow visits at his home or elsewhere by a probation officer. Other terms of probation for Borrink included receiving chemical abuse treatment, participating in mental health counseling,

and refraining from changing employment or residence without the court's or his probation officer's permission.

Paragraph 8 of the terms of probation provides that Borrink would remain in Williamson County unless permitted to depart by the court or probation officer, but that "boilerplate" provision would seem to be quite obviously "trumped" by paragraph 23 quoted above which clearly contemplates Borrink's residence in Nebraska, and in fact orders it. However, paragraph 23 does not ameliorate the fact that he is nonetheless on probation from the Texas courts.

The Texas judge signed the order on June 26, 1998, and indicated that upon successful completion of Borrink's probation, he would be discharged and the proceedings against him dismissed. On February 17, 2000, the district attorney for Williamson County filed a first amended motion to set aside the deferred adjudication and alleged that Borrink had violated his probation in a number of ways, including the failure to report to his probation officer, pay the fine and costs, pay the fee for Williamson County's adult probation department's supervision of his probation, perform 500 hours of community service, and attend any of the chemical abuse or mental health treatment or assault prevention programs as ordered.

The district attorney for Williamson County applied to the Governor of Texas for extradition of Borrink on March 22, 2000, and the Governor of Texas signed the request to the Governor of Nebraska on March 24. On April 14, the sheriff of Douglas County received and filed a warrant from the Governor of Nebraska to arrest Borrink and take him into custody and deliver him to the sheriff of Williamson County or his designated agent unless a writ of habeas corpus was filed. Borrink was taken into custody, and Borrink admitted in these proceedings that he is the individual named in the Governor's warrant, thus identity has never been an issue.

The petition for writ of habeas corpus challenging extradition was filed June 19, 2000. It alleges that Borrink is not subject to extradition because there is no conviction, that he is not a "fugitive," and that he was unable to do supervised probation in Nebraska because the State of Nebraska would not accept the

deferred adjudication—the relevance of which appears to be that he has not really violated his probation. Trial was had on June 28.

Borrink testified that after the deferred adjudication to the felony charges in Texas, a condition of his probation was that he leave Texas and go to Nebraska, which he did immediately, and that he has remained in this state since that time. While the record does not contain a definitive date, it appears that Borrink was arrested in April 2000 at a bowling alley, succeeded in securing bond from the Douglas County Court, and faithfully made all of his court appearances up to and including the habeas corpus trial on June 28.

Borrink's testimony was that upon his return to Nebraska, he contacted the probation office in Douglas County to set up the supervision of his probation as imposed by Texas. The long and short of his testimony about this procedure is that he tried to get Nebraska to take the steps necessary to supervise his probation, but asserted that Texas never sent the "paperwork" to Nebraska to enable him to be on probation in this state.

Ronald Broich, the chief deputy probation officer for Douglas County, testified that in the past, Nebraska probation offices would accept deferred adjudication cases from other states and supervise probation under the interstate compact, whereby probationers are transferred and supervised by a state other than the state imposing the probation. Nebraska extended this courtesy to other states until July 1997. However, Broich's testimony was that a change in policy occurred, with the result that in July 1997, the State of Nebraska no longer accepted persons who had not been convicted but had been sentenced to probation in another state. This was due to a number of factors, including budgetary constraints and the fact that deferred adjudication did not carry a "conviction."

Borrink maintained in his testimony that he had complied with all of the other terms of probation, such as attending counseling, participating in mental health treatment, taking the prescribed "Antabuse" medication, and paying the costs and fine as ordered by the Texas court. However, he did not provide any documentation of such activities or payments. Borrink further maintained that he was not a fugitive because he had not received an order to return to Texas until after he had been

arrested on the Governor's warrant, at which time he received the notice requiring him to be in the "26th Judicial District Court of Williamson County, Texas," on May 25, 2000, at 9 a.m.

After the evidence was adduced, the case was orally argued and the judge denied the petition for writ of habeas corpus from the bench, followed by a written order. Borrink has appealed under the assignments of error set forth above.

## ANALYSIS

■ Borrink argues that the trial court's finding that extradition is supported by § 29-741 is clearly erroneous and contrary to Nebraska jurisprudence. The scope of inquiry in a habeas corpus review of extradition proceedings is limited to four factors under the controlling U.S. Supreme Court decision:

> Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

*Michigan v. Doran*, 439 U.S. 282, 289, 99 S. Ct. 530, 58 L. Ed. 2d 521 (1978).

■ The Nebraska Supreme Court in *Scaggs v. Miller*, 221 Neb. 98, 375 N.W.2d 140 (1985), acknowledged the controlling law of the opinion in *Michigan v. Doran*. As we understand the argument being made by Borrink, he challenges the allegation in the extradition documents which claims that he is a fugitive. Borrink then asserts that the trial court wrongfully attempted to justify Borrink's extradition by its reference to § 29-741. We must concede that we are uncertain about the precise import of this argument, since § 29-741 covers a number of circumstances, one of which is "having broken the terms of his bail, probation or parole," which is the precise allegation being made in the extradition documents by the Texas authorities. Therefore, at the outset, we reject any claim that § 29-741 does not apply or that the trial court improperly relied upon its terms in rejecting the petition for a writ of habeas corpus. Breaking the terms of bail, probation, or parole is a basis for extradition under § 29-741.

The motion made by the State of Texas to set aside the deferred adjudication contains no fewer than 10 alleged violations of the conditions of Borrink's probation. The request from the Governor of Texas to the Governor of Nebraska alleges that Borrink "was charged and placed on deferred adjudication probation for the crime of **AGGRAVATED ASSAULT WITH A DEADLY WEAPON**, committed in this State, and it has been represented and satisfactorily shown to me that the accused was present in this State at the time of the commission of said crime and thereafter **violated the terms of his probation** and fled from the justice of this State" and is now in Nebraska.

Returning to the matters which can be considered under *Michigan v. Doran*, Borrink has clearly been charged with a crime in Texas, he admits he is the person named in the request for extradition, and he does not challenge the regularity of the extradition documents, except to the extent of their characterization of him as a fugitive, which in any event is the fourth matter for consideration. Therefore, we turn to the matter of Borrink's status as a fugitive.

Borrink's brief argues that he "clearly established that he was in the State of Nebraska pursuant to the terms of his probation order and that the terms of his probation required Borrink to stay out of the State of Texas unless he was ordered by a court of Texas to return." Brief for appellant at 8. While that may well all be true, the question of fugitive status is different from what Borrink advances. He apparently would have us hold that because a condition of his probation was that he go to Nebraska, he can never acquire fugitive status for extradition purposes. If that were true, he could violate all of the terms of his condition of probation with impunity so long as he stayed in Nebraska as directed by paragraph 23 of the probation order. However, the law is that fugitive status is determined by whether the person has left the demanding state, and it is not necessary that he or she left in order to avoid prosecution—it is enough that the person committed an act charged to be a crime under the laws of that state (which Borrink admitted by his guilty plea, notwithstanding his current protestations of innocence), that he or she has left that jurisdiction, and is found in another state. *Kujala v. Headley*, 193 Neb. 1, 225 N.W.2d 25 (1975). See, also, *Nash v. Miller*, 223

Neb. 605, 391 N.W.2d 143 (1986). There is no question that Borrink was charged with a crime in Texas, that he is the person named in the extradition documents, that he left Texas, and that he is now in Nebraska. Thus, for purposes of extradition, he is a fugitive. Accordingly, contrary to his assertion, the trial court did not mischaracterize him as a fugitive.

## CONCLUSION

Violation of the terms of probation is a sufficient ground under Nebraska law for extradition, and Borrink is a fugitive. The fact that he claims to have fulfilled all of the terms of his probation is a matter for the Texas courts to resolve, as that question is not within those matters properly considered by this state under *Michigan v. Doran*, 439 U.S. 282, 99 S. Ct. 530, 58 L. Ed. 2d 521 (1978). Finding no merit to Borrink's assignments of error, we affirm the district court's denial of the petition for writ of habeas corpus.

AFFIRMED.